Ralph Diamond, J.
Defendant at a felony hearing made a motion to dismiss the felony complaint because it was defective on its face- because it failed to state whether the factual allegations were based upon personal knowledge or upon information and belief. The People oppose the motion.
The following is the decision of the court on the motion.
Subdivision 3 of CPL 100.15 states that “ The factual allegations may be based either upon personal knowledge of the complainant or upon information and belief.”
The question before the court is whether a felony complaint which is silent as to its basis is defective on its face and should therefore be dismissed.
A felony complaint is not, of course, the accusatory instrument upon which a felony charge is ultimately prosecuted, for that is the function of an indictment.
A felony complaint commences a felony action in a local criminal court and is disposed of by that court in three ways.
1. Holding defendant for grand jury.
2. Reducing charge to a nonfelony.
3. Dismissing the charge.
Since a felony complaint is of a very different nature than the other local criminal court accusatory instruments, it receives separate treatment in a separate article. See Richard G. Denzer in his Practice Commentary on article 180 of the CPL. (McKinneys, Cons. Laws of N. Y., Book 11A, p. 58.)
What then is the purpose of the felony complaint and what is the purpose of the felony hearing? It is stated in the Commission Staff Comment to CPL 180.70, as follows: “The felony hearing is, basically, a first screening of the charge; its function is neither to accuse nor to try the defendant. These steps come later.”
The court at a felony hearing is required to determine whether there is reasonable cause to believe the defendant committed any felony. The court is not limited to the felony complaint before it at a felony hearing. It therefore logically follows that the-court need not too deeply concern itself with the specifics set forth in the felony complaint, but rather concentrate upon the testimony presented during the felony hearing.
The only specific the defendant finds lacking in the felony complaint is information as to whether the allegations are based upon personal knowledge of the officer or are based upon information and belief.
*228 It is the finding of the court that GPL 100.15 does not mandate the felony complaint to specifically state the basis of the allegations, warranting a dismissal of the complaint if it remains silent. The defendant will shortly learn at the felony hearing the basis of the allegations set forth in the felony complaint. The court further finds that the defendant is aware of the charge against him and that the interest of justice is not adversely affected by its decision.