(February 9, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUDLEY DIXON, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered April 7, 1987, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts), criminally using drug paraphernalia in the second degree (three counts) and criminal possession of a weapon in the fourth degree.

On May 9, 1986 State Police Investigator George Rebhan

swore to and filed a felony complaint alleging that defendant committed the crime of criminal sale of a controlled substance in the third degree. The felony complaint charged that a police informant purchased two aluminum foil wrapped packets of white powder, alleged to be cocaine, for $100 at apartment 31-A of the Waterside Apartments in Port Ewen, Town of Esopus, Ulster County. A warrant for defendant's arrest was thereupon issued by the Esopus Town Justice. This warrant was executed on May 22, 1986 by members of the City of Kingston Police Department and the State Police at the address stated in the warrant. Upon entering the apartment, the officers observed defendant, Morris Nelson (defendant's half brother) and narcotics in the apartment. Defendant and Nelson were arrested. A search warrant was later obtained to search the apartment. Defendant was indicted for various drug-related crimes and criminal possession of a weapon based on the items discovered in the apartment at the time of arrest and subsequent search.

Defendant moved to suppress the evidence seized from his residence. Rebhan was the only witness to testify at the suppression hearing. He described his participation in the police activities leading to his laying of the felony complaint and request for the warrant of arrest. Rebhan testified that his involvement began when the Kingston Police Department contacted the State Police and requested assistance upon advising that they were aware of a possible purchase of drugs from the Waterside Apartments located in Port Ewen, outside the jurisdiction of the Kingston Police Department. This contact was made on May 8, 1986. On that date Rebhan saw police informant Cleveland Green at the Kingston police station. Green was strip-searched and wired for sound recording to enable him to make a controlled cocaine buy from defendant. After completion of the wiring, some officers went with Green to effect the buy while Rebhan went to a standby location in Port Ewen. After the buy was completed, Rebhan met with other officers who advised him that Green had purchased $100 worth of cocaine. Rebhan later returned to the Kingston police station where he came into possession of a statement signed by Green concerning the controlled buy. This statement later became part of the State Police paperwork on the case. Rebhan read and relied on Green's statement prior to securing the arrest warrant. Rebhan further testified that the source of the facts put forth on the felony complaint were conversations with two detectives of the Kingston Police Department and the statement from Green. He

explained to the Town Justice why he was there and told him that, "[b]asically * * * it's a City of Kingston Police Department investigation spilled over into the Town of Esopus". Rebhan also stated that if there was a conversation with the Town Justice regarding the contents of the felony complaint, he did not remember it. The Kingston police had explained to him who Green was and how they came in contact with him. Rebhan also believed that he saw the packets purchased by Green at a posttransaction meeting with other officers in the possession of one of the detectives from the Kingston Police Department. County Court denied defendant's motion to suppress and found there was probable cause for defendant's arrest.

At trial defendant's counsel raised the issue of the prosecution's failure to establish defendant's residence before the People rested. The prosecution then made a motion to reopen its proof. County Court granted the motion and an officer involved in the booking procedure testified that defendant stated that his address was 31-A Waterside Apartments in Port Ewen. The People then rested.

County Court charged the jury to consider the specific threshold question of "was [defendant] residing in Apartment 31-A at Waterside Heights". If the jurors found that defendant was not a resident of the apartment they were instructed to consider only the evidence in plain view and return a verdict of not guilty on counts three and five through seven (criminally using drug paraphernalia and the weapon charges). The court also charged that if the jury found that defendant was a resident, then all the evidence would be considered.

The jury answered "yes" to the residence question and found defendant guilty of two counts of criminal possession of a controlled substance in the third degree, three counts of criminally using drug paraphernalia in the second degree and one count of criminal possession of a weapon in the fourth degree. Defendant was sentenced to prison terms of 5 to 15 years on each felony conviction and one year on each misdemeanor conviction, all sentences to run concurrently. This appeal ensued.

Defendant first argues that the accusatory instrument filed by Rebhan was based on hearsay without any supporting deposition and, therefore, failed to supply the requisite probable cause for issuance of the arrest warrant. This, defendant urges, rendered defendant's arrest unlawful and requires suppression of the evidence seized. We disagree.

The instrument presented to the Town Justice was in substance a felony complaint, not an information. A felony complaint is a written accusation filed with a local criminal court which charges the commission of a felony (CPL 100.10 [5]). It serves as the basis for the commencement but not the prosecution of a criminal action. Only an indictment or a superior court information may serve as a basis for a felony prosecution (Bellacosa, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 100.10, at 18). A felony complaint need only establish reasonable grounds to believe a crime was committed and may be based on hearsay (CPL 100.40 [4] [a]; 100.15; see, People v Ferro, 77 Misc 2d 226, 227-228).

The felony complaint in the instant case alleged in substance that at the time and place specified, a police informant purchased two packets of cocaine from defendant for $100 in violation of Penal Law § 220.39 (1), a felony. This felony complaint therefore served as a proper basis for the issuance of the warrant of arrest (CPL 120.20 [1]; see, People v Ferro, supra). Sufficient evidence was presented at the suppression hearing to sustain County Court's finding that probable cause existed to support the felony complaint and issuance of the arrest warrant. Defendant offered no evidence to show that the felony complaint was issued illegally and failed to carry his burden of proof on the motion to suppress (see, People v Berrios, 28 NY2d 361, 367-368).

Moreover, contrary to the dissent, we find no violation of the NY Constitution in the issuance of the arrest warrant. The quantum of proof necessary to sustain a Judge's determination that probable cause to believe a crime has been or is being committed by an individual for whom an arrest warrant is sought is less stringent than that needed to sustain a police officer's judgment that probable cause exists to arrest without a warrant (see, 1 La Fave and Israel, Criminal Procedure § 3.3 [a], at 184-185; see also, United States v Ventresca, 380 US 102).

Inasmuch as Rebhan does not remember what he told the Town Justice or whether the informant's sworn statement was attached, the question is whether Rebhan in his own right had adequate knowledge and information, even though it be hearsay, to support the allegations he swore to in the felony complaint—viz., that defendant had sold two aluminum foil packets of white powder alleged to be cocaine to a police informant—which formed the basis for the issuance of the arrest warrant (CPL 120.20 [1]). Because the informant's

statement might not have been relied upon, the dispositive question does not appear to be, as the dissent suggests, the knowledge or reliability of the informant, but rather what was the state of Rebhan's knowledge. Although he did not actually witness the police-controlled buy, he was clearly part of it from start to finish, met after it occurred with the two officers involved in the controlled buy who reported to him that Green had indeed purchased $100 worth of cocaine, and relied upon Green's sworn statement in drafting the felony complaint. While the officers Rebhan met with after the buy did not appear before the Town Justice, " '[o]bservations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number' " *(People v Petralia,* 62 NY2d 47, 52, *cert denied* 469 US 852, quoting *United States v Ventresca, supra,* at 111; *see, People v Contompasis,* 108 AD2d 1077, 1078). Accordingly, County Court properly denied defendant's motion to suppress.

Defendant next argues that his pedigree statement made during booking procedures was improperly admitted into evidence because the People failed to give notice to defendant that they intended to offer the statement at trial pursuant to CPL 710.30. Defendant also argues that no *Miranda* warnings had been given to him. Defendant's argument is without merit. The People are not required to give notice of intent to offer information of a pedigree nature *(People v Miller,* 123 AD2d 721, *lv denied* 70 NY2d 933). *Miranda* warnings were not required before defendant was asked his name and address *(see, People v Rivera,* 26 NY2d 304). Defendant was not asked such questions with the intent to link him to the evidence seized *(People v Nelson,* 147 AD2d 774 [decided herewith]).

Defendant further argues that County Court abused its discretion in allowing the prosecution to reopen its direct case to offer evidence of defendant's residence. This argument fails. The determination to reopen a case during trial for further testimony lies within the reasonable discretion of the trial court *(People v Ventura,* 35 NY2d 654; *People v Frieson,* 103 AD2d 1009). The error of the prosecutor in this matter was apparently due to inadvertence. Therefore, the court did not abuse its discretion nor was this decision unfairly prejudicial to defendant.

We have considered defendant's other arguments for reversal and find them without merit.

Judgment affirmed. Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Mahoney, P. J., and Casey, J., dissent and vote to reverse in a memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). We respectfully dissent. Under the NY Constitution, where "probable cause is based on hearsay statements, the police must establish that the informant had some basis for the knowledge he transmitted to them and that he was reliable" *(People v Bigelow,* 66 NY2d 417, 423; *see, People v Griminger,* 71 NY2d 635; *People v Mullins,* 137 AD2d 227, 230, *lv denied* 72 NY2d 922). Rebhan's hearsay statements in the felony complaint supplied the rationale for the Town Justice's finding of probable cause to support the issuance of the arrest warrant. But Rebhan testified at the suppression hearing that he did not observe the alleged transaction and that he was not questioned by the Town Justice concerning the allegations in the felony complaint. He further testified that the informant's sworn statement was not submitted to the Town Justice and that the informant was not otherwise identified to the Town Justice. This testimony reveals that the Town Justice was provided no information concerning either the informant's basis of knowledge and reliability or Rebhan's basis of knowledge. Under such circumstances, we conclude that the arrest warrant was improperly issued. Accordingly, we would reverse and dismiss the indictment, which charged only crimes based on evidence resulting from execution of the arrest warrant.