■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS NELSON, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered April 10, 1987, upon a verdict convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree.

On May 22, 1986, members of the City of Kingston Police Department and the State Police arrived at apartment 31-A of the Waterside Apartments in Port Ewen, Town of Esopus, Ulster County, to execute a warrant for the arrest of Dudley Dixon, defendant's half brother. Upon entering, the police observed defendant sitting on a sofa behind a coffee table containing 25 aluminum packets of cocaine, 15 other packets of white powder, marihuana, and United States currency. Also on the sofa was a clear cellophane bag with nuggets of cocaine. Nearby on a television tray were cubes of crystaline cocaine and more marihuana. Single-edge razor blades were

seen on a shelving unit. The police secured the apartment, arrested defendant and Dixon, and obtained a search warrant. The subsequent search yielded a jar of lactose in the kitchen area; capsules, vials, aluminum foil packets, rice, a triple-beam scale and an automatic handgun in the linen closet; and more money in a nightstand located in the master bedroom.

While being processed at the Kingston Police Department, but prior to the administration of *Miranda* warnings, both defendant and Dixon were questioned about their identities and places of residence. Each responded that they resided at 31-A, Waterside Apartments, Port Ewen. The two men were thereafter indicted and tried together on two counts of criminal possession of a controlled substance in the third degree, four counts of criminally using drug paraphernalia in the second degree and criminal possession of a weapon in the fourth degree.

Defendant's motion to suppress statements he had made before being given *Miranda* warnings was denied on the ground that they were pedigree statements and hence did not trigger *Miranda*. Defendant also moved, unsuccessfully, for a severance asserting that he intended to use Dixon's testimony to prove that he did not actually reside at apartment 31-A and did not own the cocaine found there. Convicted of both counts of criminal possession of a controlled substance but acquitted of the remaining charges which were ultimately given to the jury, defendant appeals; we affirm.

First, County Court did not err in denying defendant's repeated applications for a severance. A CPL 200.40 (1) motion for a separate trial is directed to the sound discretion of the trial court. Given that defendant did not demonstrate that Dixon would testify at a separate trial or that his testimony would tend to exculpate defendant, County Court quite properly was unwilling to grant a severance *(see, People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905). Defendant's further claim that certain questions asked of the People's witnesses by Dixon's counsel unduly prejudiced defendant to such a degree as to warrant a separate trial is patently without merit.

Nor did County Court incorrectly fail to suppress defendant's statement declaring apartment 31-A to be his residence. The booking officer who obtained defendant's biographical information was unfamiliar with the underlying drug investigation and asked his questions based upon a history card used by the Kingston Police Department in the regular course of business. Thus, defendant's statement respecting his residence

comes within the pedigree exception to *Miranda (see, People v Rivera,* 26 NY2d 304, 309). Contrary to defendant's assertion, the test for suppression is not whether the information is inculpatory but whether the police were trying to inculpate defendant or merely processing him *(see, People v Antonio,* 86 AD2d 614, 615; *People v Vasquez,* 111 Misc 2d 747, 750-751, *affd* 141 AD2d 880, *lv denied* 72 NY2d 1050).

Next, defendant argues that County Court violated CPL 300.10 (4) by submitting a threshold question to the jury, asking them whether defendant resided in apartment 31-A at the time of his arrest. CPL 300.10 (4) does not prohibit threshold questions, nor does defendant suggest how such a question would impinge upon the purposes of that statute *(see generally, People v Willis,* 107 AD2d 1058; Bellacosa, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 300.10, at 533). Moreover, defendant not only registered no objection to the proposed question, but his attorney requested a charge on the People's burden of proof with respect thereto *(cf., People v Williams,* 95 AD2d 726, *affd* 62 NY2d 275).

Finally, defendant incorrectly concludes that for Penal Law § 220.25 (2) to be invoked, a specific intent on the part of the defendant to "unlawfully mix, compound, package or otherwise prepare for sale" a controlled substance must be shown (Penal Law § 220.25 [2]). All that is required is that the "circumstances evinc[e]" such an intent (Penal Law § 220.25 [2]); defendant's more rigorous construction would thwart the statute's purpose, which was to "cope with the problems of proof which result from raids on illicit drug 'factories' " (Hechtman, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 220.25, at 49-50).

Defendant's claim that the trial proof does not support the verdict does not merit discussion.

Judgment affirmed. Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Mahoney, P. J., and Casey, J., concur in a memorandum by Mahoney, P. J. Mahoney, P. J. (concurring). Although we believe that the arrest warrant which precipitated the events herein was illegally issued *(People v Dixon,* 147 AD2d 769, 774 [Mahoney, P. J., dissenting] [decided herewith]), defendant made no motion to suppress based thereon and offers no argument in this regard now. Accordingly, we will not address this issue in the context of this appeal.