■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HESTER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered January 5, 1988, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted after trial of robbing a well-lit Kentucky Fried Chicken store, which he exited by jumping through its plate glass window. He was apprehended immediately, near the scene, carrying the exact amount of cash reported stolen and matching the description given by the store's employees. The employees identified the defendant at that time, and at trial.

Approximately 5½ hours after the defendant was arrested, given *Miranda* warnings, and questioned, a desk officer at the precinct requested him to answer questions posed on a physical fitness form questionnaire used to process prisoners. When asked if he had head injuries, the defendant replied that he had cuts on his hand and foot. When asked how he received them, the defendant said he jumped through a plate glass window in Hempstead that night. The latter statement contradicted the defendant's claim of innocence made to other officers earlier in the evening. The form was filled out by the desk sergeant, and signed by the defendant. The statement was used at trial on the People's direct case.

The defendant contends that use of the statement was reversible error because the questioning was not preceded by *Miranda* warnings, and furthermore, the prosecution failed to comply with the 15-day notice of intent to offer the statement in evidence pursuant to CPL 710.30 (2).

The trial court ruled that the statement fell within the pedigree exception to *Miranda* and was not subject to CPL 710.30 notice requirements. Pedigree questions may be asked of a defendant without providing *Miranda* warnings, and are limited in scope to those necessary for processing a defendant or providing for his physical needs *(People v Rogers,* 48 NY2d 167, 173; *People v Rodriquez,* 39 NY2d 976; *People v Antonio,* 86 AD2d 614, 615). The test for suppression is not whether the information is inculpatory but "whether the police were trying to inculpate defendant or merely processing him" *(People v Nelson,* 147 AD2d 774, 776; *People v Vasquez,* 111 Misc 2d 747, 750-751, *affd* 141 AD2d 880). The question posed to the defendant related to his present physical condition and was appropriate for processing him. There is no evidence that the officer was seeking to incriminate him *(cf., People v Antonio,* 86 AD2d 614). We find, therefore, that the inquiry comes within the pedigree exception and *Miranda* warnings were not required *(People v Rogers, supra).*

With regard to the defendant's contention that the prosecution failed to give timely notice under CPL 710.30, we note that there was no good cause shown for the delay in notifying the defendant of intent to use the statement at trial.

However, even if it was error to permit the police officer to testify as to the defendant's inculpatory statement, in view of the overwhelming evidence of defendant's guilt, including the strong identification testimony by store employees, we deem the error harmless *(see, People v Pinney,* 136 AD2d 573, 574; *People v Taylor,* 155 AD2d 630).

We have examined the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and Miller, JJ., concur.