■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROYALL and VICTOR SOWELL, Appellants.—Appeal by the defendant James Royall, from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 11, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Appeal by the defendant Victor Sowell, from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 16, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgments are affirmed.

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendants' guilt of murder in the second degree, as well as of the various counts of criminal possession of a weapon in the third degree. From her apartment window, a witness observed the defendant Royall, with whom she was acquainted, and a second male, whom she could not identify, arguing with a third individual, chasing after him as he fled, and then firing shotguns at him as he lay in the street. A second witness identified both defendants, whom he knew from the neighborhood. Although he did not see the actual shooting from his apartment window, he saw the defendants carrying shotguns in pursuit of the victim. Other witnesses corroborated this version of the events although they could not identify the defendants.

Contrary to the defendants' contentions, the unsavory character of the only witness to identify both defendants, the witness's previous recantation of that identification, and the

fact that he testified pursuant to a plea agreement, did not necessarily render his testimony incredible. He was cross-examined extensively with regard to the plea agreement and his reasons for making the recantation, and the jury had an opportunity to weigh these factors in assessing his credibility *(see, People v Gruttola,* 43 NY2d 116, 122; *People v Gaimari,* 176 NY 84).* Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendants' contention that the court erred in failing to give an accomplice corroboration charge with regard to another witness is not preserved for appellate review. The witness testified that, four or five days before the murder, he provided shotguns to the defendants and that two days later he and the defendants made plans to rob crack dealers and that the decedent's name was mentioned. However, this witness did not show up at the time that the robbery took place. Even assuming that the witness was an accomplice with respect to the instant offense *(see, People v Cobos,* 57 NY2d 798, 801; *People v Sledge,* 162 AD2d 481; *People v Maldonado,* 123 AD2d 788), any error in failing to give an accomplice corroboration charge was harmless *(see, People v Pelc,* 101 AD2d 995). The other independent testimony adduced at trial constituted overwhelming evidence of the defendants' guilt and provided any necessary corroboration.

We have considered the defendants' remaining contentions, including those raised in their supplemental *pro se* briefs, and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Miller and O'Brien, JJ., concur.