■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PEREZ, Also Known as FRANCISCO COCCO, Appellant. [603 NYS2d 197] —Mikoll, J. P. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered February 4, 1991, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the fifth degree.

Defendant was indicted on two counts charging criminal

possession of a controlled substance in the second and fifth degrees and convicted of both counts after trial before a jury. He was sentenced to a prison term of 8⅓ years to life on the second degree count and 2⅓ to 7 years on the fifth degree count. The sentences are to run concurrently.

The record indicates that members of the City of Schenectady Police Department obtained and executed a search warrant permitting them to search an apartment located at 556 Summit Avenue for cocaine. The officers found defendant alone in the apartment along with a substantial amount of cocaine and drug paraphernalia in an allegedly doorless closet off a bedroom. Defendant was arrested at the scene of the raid and then arraigned at the Schenectady police station. Investigator Peter McGrath interviewed defendant in order to complete a prearrest report form allegedly required in the booking process. McGrath asked defendant, among other pedigree questions, "where do you live?" and he responded, "556 Summit Avenue." After the pedigree information was entered into the police computer, defendant's booking sheet was generated.

On this appeal defendant argues that County Court erred in admitting the statement as to his address, because he was not given his *Miranda* warnings before he was questioned, and in denying his request for a suppression hearing regarding the voluntariness of the statement. Defendant also contends that defense counsel's representation at and before trial and at sentencing was so incompetent and inadequate that it denied him his constitutional right to effective and reasonable assistance of counsel. Additionally, defendant argues that defense counsel was ill at times during the trial, resulting in his inattentiveness and unpreparedness, and contributing to counsel's inadequate representation. Defendant also maintains that his sentence was excessive.

We have considered defendant's arguments for reversal, for modification of sentence as excessive and for inadequate representation as demonstrated by the record, and find them without merit. The judgment should be affirmed. However, we note that insofar as defendant relies on matters outside the record to challenge the adequacy of representation, such may possibly be pursued by a CPL article 440 motion if it is deemed advisable.

Defendant's primary argument for reversal is that County Court erred in denying his request for a suppression hearing before trial as to the voluntariness of his oral statement admitting that his address was 556 Summit Avenue. The question was asked while McGrath was completing a prearrest

form for purposes of booking defendant after his initial arrest. In our view the pedigree statement was not subject to suppression because the People were entitled to make reasonable inquiry concerning an arrested individual's identity, including his name and address, without the necessity of formal warnings (see, People v Rivera, 26 NY2d 304, 309; People v Dixon, 147 AD2d 769, 773, revd on other grounds 75 NY2d 833). The People had provided defendant with a CPL 710.30 notice, which was gratuitous and not required because the statement was in response to routine pedigree questions (see, People v Dixon, supra). County Court indicated in its decision determining defendant's omnibus motion that defendant's motion for a suppression hearing was denied if in fact the statement was given during booking. The issue was thereby put off to trial. The evidence submitted at trial, through the testimony of McGrath and Police Sergeant Alan Buzanowski, demonstrated that the information was in fact obtained as a part of the booking procedure. The fact that the statement proved to be inculpatory did not destroy its pedigree status. County Court heard defense counsel's arguments and the evidence at trial and properly admitted the pedigree statement over defendant's objections (see, People v Nelson, 147 AD2d 774, lv denied 74 NY2d 794).

Our review of the record persuades us that defendant received adequate and effective representation before, during and after trial based on the record (see, People v Oxx, 155 AD2d 851, 852-853, lv denied 76 NY2d 740). As to the events occurring outside the record which defendant alleges contributed to the claimed inadequate and ineffective representation of defense counsel, that can only be challenged through a CPL article 440 motion.

Defendant has failed to demonstrate that County Court abused its discretion in the sentence it imposed (see, People v Suitte, 90 AD2d 80; People v Daniels, 156 AD2d 705, lv denied 75 NY2d 867) or the existence of extraordinary circumstances warranting a modification of sentence (see, People v Maxam, 161 AD2d 961, lv denied 76 NY2d 988).

Mercure, Cardona, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.