▬ The People of the State of New York, Respondent, v Christopher Scott, Appellant. [628 NYS2d 300] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered March 24, 1993, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The charges in this case arose out of an incident which occurred on September 26, 1984, when the 16-year-old victim was shot and killed on a street corner in Brooklyn by the defendant, who was not immediately apprehended.

On October 16, 1984, prison officials intercepted a letter which had been addressed to an inmate at the Elmira Correctional Facility and which described the murder of the victim. The author of the letter, who identified himself only as "Captain Crunch", specifically made reference to, among others, his "brother Delroy".

Approximately three years later, the defendant was traced

to an apartment in Florida where he was arrested. While providing pedigree information incident to his arrest, the defendant stated that his brother's name was Delroy. The defendant contends that the use of this statement was reversible error since the prosecution failed to serve him, within 15 days after arraignment, with a notice of intent to offer the statement in evidence pursuant to CPL 710.30 (2).

The Court of Appeals has recently reaffirmed the rule that pedigree information provided by a defendant to the police during processing is not subject to the notice requirements of CPL 710.30 (see, *People v Rodney,* 85 NY2d 289; *also see, People v Hester,* 161 AD2d 665; *People v Perez,* 198 AD2d 540; *People v Thomas,* 195 AD2d 301). Accordingly, the defendant's pedigree statement was properly admitted into evidence despite the lack of notice. Balletta, J. P., O'Brien, Thompson and Hart, JJ., concur.