■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MORENE, Appellant. [633 NYS2d 202] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered March 3, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in a light most favorable to the People (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo*, 44

AD2d 86, 88). We find that the verdict was not against the weight of the evidence. Notably, the fact that one of the People's witnesses testified pursuant to a plea agreement did not render his testimony incredible *(see, People v Royall,* 172 AD2d 703).

Additionally, the Court of Appeals has recently reaffirmed the general rule that pedigree information provided by the defendant to the police during processing is not subject to the notice requirements of CPL 710.30 *(see, People v Rodney,* 85 NY2d 289; *see also, People v Perez,* 198 AD2d 540; *People v Thomas,* 195 AD2d 301; *People v Hester,* 161 AD2d 665). Accordingly, the defendant's pedigree statement was properly admitted despite the lack of notice.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.