(October 31, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. RICHARD, Appellant. [649 NYS2d 509] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered January 9, 1991, upon a verdict convicting defendant of the crimes of murder in the second degree (three counts), criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree and grand larceny in the fourth degree.

In the early morning hours of June 11, 1989, defendant and a friend, Dante Terrell, entered the Kenwood Yard at the Port of Albany, Albany County, with the intention of stealing a car. The security guard, Robert Altieri, observed Terrell hiding behind a car and called out, "stop or I'll shoot", whereupon Terrell fled and hid in the weeds. Approximately 10 minutes later, Terrell heard four gunshots and then observed defendant approaching him carrying a gun. Defendant, who was visibly injured, told Terrell that he had killed the guard. The two then went to Terrell's home where Terrell bandaged defendant's wounds. Later that night, defendant was arrested while in possession of Altieri's gun. He was thereafter indicted and charged with five counts of murder in the second degree, grand larceny in the fourth degree, criminal possession of a weapon

in the third degree and criminal possession of stolen property in the fourth degree. Following a jury trial, defendant was convicted of three counts of murder in the second degree, grand larceny in the fourth degree, criminal possession of a weapon in the third degree and criminal possession of stolen property in the fourth degree, and was sentenced to an aggregate term of imprisonment of $30^{1}/_{2}$ years to life.

On this appeal, defendant initially asserts that the verdict is not supported by legally sufficient evidence and that it is against the weight of the evidence. It is now axiomatic that a verdict is supported by legally sufficient evidence when "there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495). In the case at bar, Terrell testified as to the events leading up to the shooting, as well as defendant's admission to him that he had killed Altieri. Additionally, defendant's sister testified that defendant admitted to her that he had shot Altieri, and DNA testing revealed that defendant's blood was found at the scene. Finally, at the time of his arrest defendant was in possession of Altieri's gun, which proved to be the murder weapon. Without doubt, that evidence was legally sufficient to support defendant's conviction.

It is equally axiomatic that where a different verdict would not have been unreasonable, this Court must " 'weigh the relevant probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " and set aside the verdict if we determine that the trier of the fact has weighed the evidence improperly (*People v Bleakley*, *supra*, at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62). Simply stated, a different verdict in the case at bar would have been wholly unreasonable, and we find it unnecessary to weigh the conflicting testimony. However, if we were to do so, we would find that the jury gave the evidence the weight it should have been accorded.

Defendant also contends that County Court erred in allowing him to represent himself at trial. We disagree. Clearly, a request to represent oneself at trial must be accompanied by a knowing and intelligent waiver of the right to counsel (*see, People v McIntyre*, 36 NY2d 10, 17), and in order to satisfy itself of such a knowing waiver, the trial court should undertake a " 'searching inquiry' " of the defendant (*People v Sawyer*, 57 NY2d 12, 21, *cert denied* 459 US 1178). Here, County Court questioned defendant regarding his background, his

understanding of the legal process, his age, education, occupation and his previous exposure to criminal proceedings. Notably, County Court ascertained that defendant had been involved with the criminal court system since the age of seven and had successfully represented himself in a prior murder trial. Under the circumstances, we are thoroughly satisfied that defendant knowingly and intelligently waived his right to counsel.

Defendant next challenges the admissibility of certain statements made by him. After defendant had been arrested and given his *Miranda* warnings, a police officer who was booking him asked him a series of questions, including whether he had any scars, tatoos or injuries. Defendant responded that he had a gunshot wound, whereupon the officer inquired, "a gunshot wound?", to which defendant responded, "Yeah, a .357 Magnum." The officer also noted that defendant had a bandage on his arm and inquired if he had been to the hospital. When defendant responded that he had not, the officer asked him where he had obtained the bandage and defendant responded that he had gotten it from his sister. Finally, the officer asked defendant when he had received the wound, and defendant's response revealed that he was injured the same day that Altieri was killed. Defendant contends that these questions went beyond the scope of permissible pedigree questioning and that his responses should have been suppressed. We disagree. In a case strikingly similar to the one at bar, it was held that such questions were appropriate inasmuch as they related to the defendant's present physical condition and were necessary in order to provide for the defendant's physical needs (*People v Hester*, 161 AD2d 665, 666, *lv denied* 76 NY2d 858; *see, People v Rogers*, 48 NY2d 167, 173; *People v Greenleaf*, 222 AD2d 838, 840, *lv denied* 87 NY2d 973).

Finally, defendant claims error with respect to County Court's charge to the jury. During the course of the prosecution's direct case, the People elicited testimony from Terrell that he pleaded guilty in Family Court to charges of attempted grand larceny and criminal trespass. Thereafter, defendant requested a jury instruction to the effect that Terrell's guilty plea could not be used as evidence of defendant's guilt, which request was denied by County Court. Defendant correctly asserts that such denial was error (*see, People v Colascione*, 22 NY2d 65, 73). However, inasmuch as defendant, in his opening *statement* and during his direct testimony, admitted that he had gone into the yard at the Port of Albany for the purpose of stealing a car, the very acts encompassed by Terrell's guilty

plea, it is clear that County Court's failure to give the requested instruction constituted harmless error (*see, People v Weinberg,* 183 AD2d 932, 934, *lv denied* 80 NY2d 977). We have examined all of defendant's remaining arguments, including those contained in his *pro se* brief, and we find them to be equally unavailing.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.