■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW REESE, Appellant. [676 NYS2d 473] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schulman, J.), rendered October 7, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ROSE, Appellant. [676 NYS2d 474] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered May 29, 1996, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Padro,* 75 NY2d 820). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Royall,* 172 AD2d 703). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not unduly harsh or excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., O'Brien, Ritter and Krausman, JJ., concur.