■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN F. CAVANAUGH, III, Appellant. [695 NYS2d 625] —Mikoll, J. P. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 10, 1998, convicting defendant upon his plea of guilty of the crime of driving while intoxicated as a felony.

Following his indictment on charges of driving while intoxicated as a felony and leaving the scene of an incident without reporting, defendant moved to suppress all evidence and statements based upon the claim that they were the fruit of an unlawful arrest. County Court denied the motion and defendant entered a plea of guilty to the driving while intoxicated charge in satisfaction of the indictment. He was sentenced to one year in the Ulster County Jail, to be served on an intermittent basis, and now appeals from the judgment of conviction.

After defendant's vehicle struck a neighbor's vehicle, defendant left the scene and returned to his home. Based upon the neighbor's report of the accident and description of the signs of defendant's intoxication, two State Troopers went to defendant's residence to investigate. One of the Troopers had previously arrested defendant for driving while intoxicated. They

knocked at both the front and back doors and could see through windows that defendant was sitting in a chair watching television. Nevertheless, there was no response to their repeated knocks. When defendant arose and went into another room, the Troopers opened the door and walked a short distance into the premises. A female appeared from another part of the house and, in response to her inquiry, the Troopers explained that they wanted to speak with defendant about an accident involving his neighbor. Defendant then returned with two dogs, shouted some obscenities, told the Troopers that he would resolve the matter with his neighbor and repeatedly ordered them to leave. Based upon the strong odor of alcohol from defendant's breath, his slurred speech and his admission that he had been involved in the accident, the Troopers arrested him. It is undisputed that the Troopers were not invited into defendant's home prior to the arrest.

Warrantless arrests in the home are prohibited by the 4th Amendment unless there exists both probable cause and exigent circumstances (*see, Payton v New York*, 445 US 573). Based upon our review of the suppression hearing testimony, we conclude that the relevant facts and circumstances in this case are indistinguishable from those in *People v Odenweller* (137 AD2d 15) where we held that a warrantless arrest of an intoxicated driver in the home was justified by probable cause and exigent circumstances. Defendant contends that *Odenweller* (*supra*) is distinguishable on the ground that, in that case, an occupant of the home opened the door prior to the police entry. There is nothing in the *Odenweller* case, however, to indicate that the police had been invited into the home and, in any event, the case was decided on the basis of exigent circumstances, not consent (*see, id.*, at 17, n 1). Although the holding in *Odenweller* does not establish a per se rule authorizing warrantless arrests of suspected intoxicated drivers in their homes (*see, id.*, at 18), the facts and circumstances of this case do not warrant a different conclusion than that reached in *Odenweller*.

The record establishes the existence of both probable cause and exigent circumstances at the time of defendant's warrantless arrest in his home. County Court, therefore, properly denied defendant's suppression motion, and the judgment of conviction must be affirmed.

Crew III, Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.