■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER R. THATCHER JR., Appellant. [779 NYS2d 818]—

Mugglin, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered December 4, 2001, upon a

verdict convicting defendant of the crimes of attempted criminal possession of a weapon in the second degree, resisting arrest, and attempted assault in the third degree.

On December 22, 2000, two members of the State Police received radioed instructions to respond to a domestic dispute in progress at defendant's residence in the Town of Crown Point, Essex County. Finding the home dark and the front door ajar, the officers used a flashlight to observe signs that a struggle had occurred. Receiving no response to their announced presence, the police entered the home to find defendant asleep. Upon waking defendant, an altercation ensued, resulting in his arrest. Defendant was indicted for attempted criminal possession of a weapon in the second degree, resisting arrest and attempted assault in the third degree. Defendant, claiming that the warrantless entry into his home was illegal, moved to dismiss the indictment and suppress the evidence. County Court denied the motion and defendant was subsequently convicted by a jury on all counts and sentenced to concurrent terms, the longest of which was one year of incarceration in the Essex County jail. On this appeal, we find no merit to any of defendant's four contentions and affirm.

First, defendant asserts that the verdicts of guilty of attempted possession of a weapon in the second degree and attempted assault in the third degree were not supported by legally sufficient evidence and were against the weight of the evidence. A verdict is supported by legally sufficient evidence where, viewing the evidence in a light most favorable to the People, there is any sound line of reasoning that could have led the jury to its verdict (*see People v Caruso*, 6 AD3d 980, 982 [2004]; *People v Glanda*, 5 AD3d 945, 948-949 [2004]). Viewed in this light, our review of the record leads to the conclusion that, although the testimony of the police officers is in conflict with that of defendant, there is legally sufficient evidence of each element of each crime to support the convictions. Further, recognizing the conflicting evidence with respect to material elements of the crimes charged, we find—after weighing the relative probative force of the conflicting testimony and the inferences to be drawn therefrom—that the verdicts were not against the weight of the evidence (*see People v Almarez*, 2 AD3d 1151, 1152 [2003], *lv denied* 2 NY3d 761 [2004]). Clearly, the jury credited the testimony of the police officers rather than that of defendant.

This review effectively disposes of defendant's second argument, that his conviction for resisting arrest should be reversed because he did not know he was under arrest. Both police offi-

cers testified that defendant was informed that he was being arrested after he attempted to or did actually strike one of the officers. Defendant's third argument is that the indictment should have been dismissed as a result of the warrantless entry by the police officers into his home. As a general proposition, law enforcement personnel may not lawfully enter an individual's home absent a properly issued warrant (*see People v Cavanaugh*, 264 AD2d 903, 903 [1999], *lv denied* 94 NY2d 821 [1999]). A well-recognized exception to the general rule is the presence of an emergency situation (*see People v Molnar*, 98 NY2d 328, 330-331 [2002]; *People v Eckhardt*, 305 AD2d 860, 863 [2003], *lv denied* 100 NY2d 620 [2003]). For warrantless entry to be legal on this basis, three requirements must be met: ''(1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property. (2) The search must not be primarily motivated by intent to arrest and seize evidence. (3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched'' (*People v Mitchell*, 39 NY2d 173, 177-178 [1976], *cert denied* 426 US 953 [1976]).

Here, the proof adequately satisfies each of these elements. The police officers were advised of an ongoing domestic dispute involving a gun and children at defendant's residence. Upon arrival, the police observed a darkened residence, with the front door ajar during winter weather, the existence of signs of a disturbance, both outside and within the residence—to the extent that their plain-view observation could be made from the porch—and no response was made to their announced presence. These factors furnish a reasonable basis to believe that an emergency existed within the premises. Moreover, the record indicates that the sole motivation for the warrantless entry was to protect life and property and not to arrest any particular individual or gather evidence of any criminality. Under these circumstances, we find no error in County Court's refusal to dismiss the indictment because of the warrantless entry by the police officers into defendant's residence.

Lastly, we find no merit to defendant's arguments that the instructions to the grand jury were inadequate and that the evidence before the grand jury was insufficient. Defendant's insufficiency claim does not survive his conviction based on sufficient evidence (*see* CPL 210.30 [6]; *People v Pelchat*, 62 NY2d 97, 106 [1984]). Our review of the grand jury instructions leads to the conclusion that they were adequately given and enabled the grand jury to intelligently determine whether legally sufficient

evidence existed that defendant committed the crimes of which he was accused (see *People v Calbud*, 49 NY2d 389, 394-395 [1980]; *People v Wade*, 260 AD2d 946, 947 [1999]).

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.