■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ROMAN, Appellant. [796 NYS2d 430]—

Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered November 21, 2003 in Albany County, upon a verdict convicting defendant of the crime of assault in the second degree.

After a jury trial, defendant was convicted of one count of assault in the second degree and sentenced to a prison term of seven years, with five years of postrelease supervision. Initially, we find no merit to defendant's challenge to the sufficiency of the evidence. Viewed most favorably to the prosecution, the victim's account and the medical testimony established beyond a reasonable doubt all of the elements of assault in the second degree, including intent to cause serious physical injury (*see* Penal Law § 120.05 [1]; *People v Gannon*, 301 AD2d 873, 873 [2003]; *People v Miller*, 290 AD2d 814, 815 [2002], *lv denied* 98 NY2d 678 [2002]). Nor is the jury's verdict contrary to the weight of the evidence, despite defendant's allegation that the victim's injuries were caused by an epileptic seizure (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Richard*, 232 AD2d 872, 873 [1996], *lv denied* 89 NY2d 1099 [1997]).

Defendant's postarrest statement to the police that he had been in the victim's apartment but did not cause the victim's injuries was spontaneous, and Supreme Court properly declined to suppress it (*see People v Rivers*, 56 NY2d 476, 479 [1982]; *People v Layman*, 284 AD2d 558, 559 [2001], *lv denied* 96 NY2d 903 [2001]). Also unavailing is defendant's assertion that the court erred in permitting a nonexamining physician to review defendant's medical records already in evidence and testify that the multiple fractures to the victim's face and his punctured lung were not caused by a seizure (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 146 [1997]).

Next, defendant was not denied his statutory right to testify before the grand jury. When he presented this issue to Supreme Court, defendant claimed that he had sent written notification of his request to both the District Attorney and to the court.

Inasmuch as the District Attorney denied receipt and the court's search of its own records failed to verify defendant's claim, Supreme Court did not err in refusing to dismiss the indictment (*see* CPL 190.50 [5] [a]; *People v Brown*, 300 AD2d 918, 919 [2002], *lv denied* 100 NY2d 536 [2003]).

Finally, defendant argues that Supreme Court erred by failing to impose a shorter, three-year period of postrelease supervision because he was sentenced for this class D violent felony offense pursuant to Penal Law § 70.02. Although the People concede this point, we cannot agree. Penal Law § 70.45 (2) provides, in pertinent part, as follows: "The period of post-release supervision for a determinate sentence shall be five years, except that such period shall be three years whenever a determinate sentence of imprisonment is imposed pursuant to section 70.02 of this article upon a conviction for a class D or class E violent felony offense." Here, the record makes clear that defendant was sentenced as a second violent felony offender pursuant to Penal Law § 70.04 rather than Penal Law § 70.02. Accordingly, he does not fall within the exception and Supreme Court properly imposed a five-year period of postrelease supervision (*see People v Chestnut*, 18 AD3d 965 [2005]).

Peters, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed. [Prior decision recalled and vacated and new decision substituted therefor by unpublished order entered June 20, 2005.]