THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL R. TOPOLSKI, Appellant. [813 NYS2d 595]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered November 26, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Contrary to defendant's contention, Supreme Court properly refused to charge manslaughter in the second degree as a lesser included offense of murder in the second degree inasmuch as there is no reasonable view of the evidence that defendant acted recklessly and not intentionally (*see People v Collins*, 290 AD2d 457, 458 [2002], *lv denied* 97 NY2d 752 [2002]; *People v Mosher*, 172 AD2d 1046 [1991], *lv denied* 78 NY2d 971 [1991]; *see generally People v Glover*, 57 NY2d 61, 63 [1982]; *People v Sussman*, 298 AD2d 205 [2002], *lv denied* 99 NY2d 585 [2003]). Also contrary to defendant's contention, the court properly refused to suppress the oral statement made by defendant before he received his *Miranda* warnings. The oral statement at issue was made when an officer asked defendant how he had sustained certain facial injuries. Under the circumstances, the court properly concluded that the oral statement was admissible because it was in response to questioning that was "similar to pedigree question[ing] or [questioning] necessary for providing for defendant's physical [condition and] needs and clearly [was] not for the purpose of attempting to inculpate [defendant]" (*People v Greenleaf*, 222 AD2d 838, 840 [1995], *lv denied* 87 NY2d 973 [1996]; *see People v Youngblood*, 294 AD2d 954 [2002], *lv denied* 98 NY2d 704 [2002]; *People v Hester*, 161 AD2d 665, 666 [1990], *lv denied* 76 NY2d 858 [1990]). Moreover, the court properly refused to suppress the written statements made by defendant after he waived his *Miranda* rights. There is no indication in the record that defendant's statements were not voluntarily made (*see People v May*, 263 AD2d 215, 219 [2000], *lv denied* 94 NY2d 950 [2000]; *People v Howard*, 256 AD2d 1170 [1998], *lv denied* 93 NY2d 874 [1999]; *People v Husbands*, 171 AD2d 756 [1991], *lv denied* 78 NY2d 923 [1991]; *see generally Mincey v Arizona*, 437 US 385, 396-402 [1978]; *People v Anderson*, 42 NY2d 35, 38-41 [1977]). The sentence is not unduly harsh or severe. We have reviewed the remaining contentions of defendant in his main brief and conclude that they are lacking in merit.

With respect to the contentions raised in defendant's pro se supplemental brief, we conclude that the court did not err in admitting evidence of an uncharged crime, i.e., his altercation with his father. The People adduced that evidence to establish defendant's consciousness of guilt, and the probative value of the evidence outweighed its prejudicial effect (*see generally People v Hudy*, 73 NY2d 40, 54-55 [1988]; *People v Ventimiglia*, 52 NY2d 350, 359-360 [1981]). Further, the court did not err in permitting the prosecutor to cross-examine defendant's wife concerning her prior inconsistent statements (*see generally*

*People v Bornholdt*, 33 NY2d 75, 88 [1973], *cert denied sub nom. Victory v New York*, 416 US 905 [1974]). Defendant failed to preserve for our review his contention that the court erred in allowing the prosecutor to present identification testimony despite the fact that the witness was not listed in the CPL 710.30 notice (*see* CPL 470.05 [2]). In any event, any error in the admission of that testimony is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Also contrary to defendant's contention, the court properly refused to suppress evidence as the fruit of an alleged *Payton* violation (*see Payton v New York*, 445 US 573 [1980]). The police had knowledge of exigent circumstances justifying their entry into the motel room and the arrest of defendant therein without first applying for a warrant (*see People v Jackson*, 203 AD2d 956, 956-957 [1994], *lv denied* 84 NY2d 827 [1994]; *see also People v Burr*, 124 AD2d 5, 8 [1987], *affd* 70 NY2d 354 [1987], *cert denied* 485 US 989 [1988]). We have considered the remaining contentions raised in defendant's pro se supplemental brief and conclude that they are without merit. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.