■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MUSTO, Appellant. [966 NYS2d 263]—

McCarthy, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 6, 2012, upon a verdict convicting defendant of the crimes of criminal possession of marihuana in the second degree and growing of the plant known as cannabis by unlicensed persons.

Defendant was charged with criminal possession of a controlled substance in the fifth degree, criminal possession of marihuana in the second degree and growing of the plant known as cannabis by unlicensed persons after police discovered approximately nine pounds of marihuana either growing or drying in his apartment. Defendant moved to suppress the marihuana and his statements to police. County Court denied the motion. Following a trial, a jury found him guilty of criminal possession of marihuana in the second degree and growing of the plant known as cannabis by unlicensed persons. The court imposed an aggregate prison term of 1½ years followed by one year of postrelease supervision. Defendant appeals, challenging only the denial of his suppression motion.

County Court did not err in finding that the police were justified in entering defendant's apartment under the emergency exception to the warrant requirement. Factual findings of the suppression court are accorded great deference and we will not disturb them unless they are clearly erroneous (*see People v Da-*

*vis*, 58 AD3d 896, 898 [2009]; *People v Johnson*, 17 AD3d 932, 933 [2005], *lv denied* 5 NY3d 790 [2005]). Although law enforcement officers may not generally enter a home without a properly issued warrant (*see People v Thatcher*, 9 AD3d 682, 684 [2004]; US Const 4th, 14th Amends; NY Const, art I, § 12), " 'officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury' " (*Colao v Mills*, 39 AD3d 1048, 1051 [2007], quoting *Brigham City v Stuart*, 547 US 398, 404 [2006]). The Court of Appeals has outlined three elements to determine whether exigent circumstances exist to justify entry without a warrant: "(1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property. (2) The search must not be primarily motivated by intent to arrest and seize evidence. (3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched" (*People v Mitchell*, 39 NY2d 173, 177-178 [1976], *cert denied* 426 US 953 [1976]; *accord People v Dallas*, 8 NY3d 890, 891 [2007]). The United States Supreme Court has since eliminated the intent element for 4th Amendment purposes (*see Brigham City v Stuart*, 547 US at 404-405; *see also People v Rossi*, 99 AD3d 947, 949-950 [2012]; *Colao v Mills*, 39 AD3d at 1051; *but cf. People v Dallas*, 8 NY3d at 891 [noting that the Court of Appeals had no occasion there to determine whether *Brigham City* required modification of *Mitchell*]).*

Testimony at the suppression hearing established that, in the early morning hours, police received a call that a burglary was in progress. They responded to a house and talked to the female victim, who lived on the first floor and had been injured by the burglars. She informed a sergeant that she saw the three burglars exit through a side door. The sergeant observed that the side door, which was open, led outside, but also led to a stairway to the second floor. Upon further questioning, the victim informed the sergeant that a couple lived in the second-floor apartment, but they were never home at that time of night, were meticulous about locking their doors and had a large dog that would prevent anyone from entering the second-floor apartment. The sergeant checked the stairways and doors but found nothing amiss. Police knocked on the doors and heard a large dog roaming around but no one answered. The sergeant

---

* While the intent element may still apply to an argument based on the NY Constitution (*see People v Rossi*, 99 AD3d at 950), defendant couched his argument as a 4th Amendment challenge.

therefore found no reason to forcibly enter the upstairs apartment.

While the victim was at the hospital, the police inquired of her about a car in the driveway. She indicated that it belonged to the upstairs tenants, and that if the car was there, then the tenants were most likely at home. Upon further questioning, she also stated that the tenants crated their dog when they went out, so if the dog was roaming loose in the apartment then the tenants were probably there. Considering this new information indicating that the tenants were in the apartment, yet had not answered the door earlier, the sergeant determined that a forced entry was necessary to check on the safety of the tenants because the burglars could have fled up to the second floor and been inside. After the police knocked repeatedly and announced that they were going to forcibly enter, defendant opened the door. When asked his name, whether he lived there and if anyone else was inside, defendant said nothing. An officer handcuffed him and placed him in a police car, while other officers entered and conducted a sweep of the apartment. No other individuals were found inside, but the police did observe numerous plants and drying marihuana.

Defendant contends that no emergency existed because the sergeant had earlier determined that nothing upstairs was amiss and no forcible entry was necessary, plus several hours passed between the arrival of police and the entry into the apartment. Despite the lapse of time, it was reasonable for the police to believe that an emergency was at hand when they received new information that the tenants were present but had not answered the door (compare People v Molnar, 98 NY2d 328, 334-335 [2002]). The earlier information from the victim led the police to believe that the tenants were not home at that time, but the later information corrected that belief. Upon opening the door, defendant did not respond to questioning regarding whether he lived there or other people were present, leading police—who did not know if defendant was a resident or a burglary suspect—to seize him and sweep the apartment to determine whether any suspects or other victims were inside. The emergency was limited to the second-floor apartment, where the tenants lived and the burglars could have fled by the side door from the first-floor apartment. The hearing testimony "provided the necessary objective, empirical facts to believe that an emergency was at hand" (People v Greenleaf, 222 AD2d 838, 840 [1995], lv denied 87 NY2d 973 [1996]). As County Court's factual findings are supported by the record, the court did not err in finding exigent circumstances that justified the warrant-

less entry (see People v Molnar, 98 NY2d at 334-335; People v Thatcher, 9 AD3d at 684).

Rose, J.P., Stein and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).