◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY DE CRISTOFARO, Appellant.—Appeal from a judgment of the County Court of Fulton County, rendered February 20, 1975, upon a verdict convicting defendant of the crimes of unlawful imprisonment in the second degree and sexual abuse in the third degree. The defendant was indicted for the crimes of unlawful imprisonment in the first degree, sodomy in the first degree, and sexual abuse in the first degree. On this appeal defendant contends that certain statements of the prosecutor during his summation deprived him of his right to a fair trial. The record reflects that the prosecutor made reference to the fact that the defendant's story was not believable, that he did not believe the defendant's story, and that the defendant was lying. The prosecutor also stated that the complaining witness had suffered a broken jaw, when in fact she had not sustained such an injury. While a prosecutor may not make himself an unsworn witness and attempt to bolster his case by stating that he believes certain testimony and does not believe other testimony *(People v Lovello,* 1 NY2d 436), the remarks complained of must be considered in the light of the summation of defense counsel *(People v Marks,* 6 NY2d 67, 77), and the weight of the evidence against the defendant *(People v Brosnan,* 32 NY2d 254). In his summation defense counsel attacked the veracity of the complaining witness using language such as "Why would she lie? Why did she lie? I am not a psychologist or a psychiatrist. I am not an expert in the field, but all I know is that she is lying." With this attack in mind, the prosecutor's summation, though technically improper when he referred to his personal beliefs as to the credibility of the defendant, was within proper bounds *(People v Delorio,* 33 AD2d 350). Moreover, the defendant admitted going for a ride with the complaining witness and trying to kiss her and that he touched her

underclothing. He testified that she got excited and started to bang against the locked door of his car with her arm and hand and contends that her injuries could have been caused in that manner. Such testimony by the defendant, when added to that of the complaining witness, the doctor who examined her injuries on the same night as the incident, and other prosecution witnesses, constitutes, in our opinion, overwhelming proof of defendant's guilt. Bearing in mind that the Trial Judge sustained defense counsel's objection to the reference to a broken jaw, it cannot be said that the jury would not have convicted except for the prosecutor's statements and the defendant was not deprived of a fair trial. We have examined the record concerning defendant's contention that his conviction should be reversed because his counsel conducted an inadequate and ineffective defense and find such contention to be without merit. Judgment affirmed. Herlihy, P. J., Kane, Koreman, Larkin and Reynolds, JJ., concur.