■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PANARO, Appellant.—Judgment unanimously affirmed. Memorandum: The hearing court properly denied defendant's motion for a *Franks* hearing *(see, Franks v Delaware,* 438 US 154) because defendant failed to make a "substantial preliminary showing that a false statement was knowingly and intentionally included" in Investigator Fuhrman's affidavit in support of the application for an eavesdropping warrant *(People v Ingram,* 79 AD2d 1088; *see also, People v Solimine,* 18 NY2d 477).

The court did not err in denying defendant's motion for a *Darden* hearing *(see, People v Darden,* 34 NY2d 177) with respect to evidence supplied by secondary confidential informants because, apart from that evidence, sufficient independent evidence existed to establish probable cause for the issuance of the eavesdropping warrant. Further, the information provided by the primary confidential informant satisfied the *Aguilar-Spinelli* test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410).

We reject defendant's contention that the application for the eavesdropping warrant was not supported by a sufficient showing that the police exhausted normal investigative procedures *(see,* CPL 700.15 [4]; 700.20 [2] [d]). Finally, the record reflects that the hearing court reviewed de novo the affidavit presented on the application for the search warrant and found that it sufficiently supported his finding of probable cause. "This independent review under the facts presented is all that is required" *(People v Delgado,* 134 AD2d 951, *lv denied* 71 NY2d 895, citing *People v Fino,* 14 NY2d 160, 163). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—conspiracy, second degree.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.