■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. WHITE, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Aison, J.), rendered August 31, 1989, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol and the traffic offense of leaving the scene of an incident without reporting.

During the evening of July 1, 1988, police officers in the Town of Colonie, Albany County, responded to two separate reports of "hit and run property damage automobile accidents" occurring on State Route 9 within a half mile of each other. The officer at the first accident was given a description and license plate number of the offending vehicle, which had left the scene of that accident. The officer at the second accident was told that the offending vehicle was parked at a nearby gas station. Officers proceeded to the gas station where defendant was found attempting to change a flat tire on the identified vehicle. The vehicle had property damage and matched the description and license plate number as reported in the first accident. The investigating officers, observing signs of intoxication, conducted field sobriety tests on defendant. Defendant was then arrested for driving while under the influence of alcohol and for leaving the scene of an incident without reporting. He was thereafter indicted on the same charges and convicted of both following a jury trial.

On this appeal, defendant first contends that the prosecutor's conduct during closing summations was prejudicial; defendant takes issue with objections made during his closing argument and subsequent comments made during the People's summation. The record reveals that the prosecutor made 16 objections during defendant's closing argument, most of which were sustained and the remainder of which had good-faith bases. On the whole, these objections did not deprive defendant of a fair trial. Defendant argues that during the People's summation the prosecutor verbally attacked defense counsel, essentially testified as an unsworn witness and improperly appealed to the jury's emotions by making a "safe streets argument". From our review of the record, we are convinced that the claimed prosecutorial misconduct was insufficient to warrant a reversal (see, People v Bessard, 148 AD2d 49, 54-55, lv denied 74 NY2d 845; see also, People v Hall, 167 AD2d 758).

Nor do we find that there was a pattern of flagrant, pervasive disregard for the limitations on proper summation *(see, People v Gathers,* 147 AD2d 734, 736, *lv denied* 73 NY2d 1015). When prosecutorial excess occurred, County Court interjected and gave appropriate curative instructions *(see, People v Thiessen,* 158 AD2d 737, 739, *mod on other grounds* 76 NY2d 816). When the improper comments are assessed in the context of the entire summation and the entire trial *(see, People v Galloway,* 54 NY2d 396, 401), they were rendered harmless by the overwhelming evidence of guilt *(see, People v Blair,* 148 AD2d 767, 769, *lv denied* 74 NY2d 661; *see also, People v Crimmins,* 36 NY2d 230). Moreover, County Court followed up its immediate curative instruction with a jury charge specifically addressing the objectionable comments thereby further ameliorating any possible prejudicial impact of the statements *(see, People v Miller,* 108 AD2d 1053, 1057, *lv denied* 65 NY2d 697; *see also, People v Young,* 48 NY2d 995, 996; *People v Banks,* 130 AD2d 498, *lv denied* 70 NY2d 709).

Nor do we find merit in defendant's remaining argument that the proof was insufficient to sustain the verdict. He contends that no witness identified him as the individual who drove the vehicle. Initially, we note that defendant was the owner of the vehicle identified. At the scene of the first accident, the vehicle which was allegedly involved in that accident was observed being erratically driven by a male driver without other occupants. The gas station attendant observed defendant to have been the sole occupant of the vehicle identified as being involved in the accident and heard him complain that he did not know how he got the flat tire. Defendant possessed the requisite key to the identified vehicle and commenced changing the tire. When approached by the police, he responded to their inquiries with sarcastic counterquestions which implied that he had driven the car to the gas station. This evidence meets the standard for testing the sufficiency of a conviction based solely on circumstantial evidence. The facts exclude to a moral certainty any possible hypothesis of innocence *(see, People v Leger,* 157 AD2d 926, 927, *lv denied* 75 NY2d 921; *People v Saplin,* 122 AD2d 498, *lv denied* 68 NY2d 817; *see also, People v Kennedy,* 47 NY2d 196, 202, 204) and the conclusion of guilt flows naturally from the proven facts *(see, People v Saplin, supra).*

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.