■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY MONTGOMERY, Appellant.—Mikoll, J. P. Appeals (1) from

a judgment of the County Court of Albany County (Keegan, J.), rendered June 19, 1990, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered July 1, 1991, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

The events underlying the instant charges occurred on April 7, 1985 at approximately 12:35 A.M. in the Arbor Hill area of the City of Albany when a confidential informant for the Albany Police Department bought from defendant a plastic bag containing 1/16 of an ounce of a white powdery substance which later proved to be cocaine. Defendant was subsequently arrested under an outstanding arrest warrant and then indicted for criminal sale of a controlled substance in the third degree.

After a *Sandoval* hearing and a full trial, defendant was convicted by a jury of the charge and sentenced as a second felony offender to a prison term of 12½ to 25 years. After taking this appeal defendant moved pursuant to CPL 440.10 to vacate his conviction on the ground of newly discovered evidence. The motion was denied and defendant was granted leave to appeal from County Court's order.

Defendant contends that County Court committed reversible error (1) by failing to make a *Sandoval* ruling precluding the prosecution from cross-examining him on two pending unrelated crimes which he alleges adversely affected his assertion of the privilege against self-incrimination, (2) by the admission of testimony of the confidential informant that the informant purchased cocaine from Addie Gause a short time before the transaction with defendant, which was irrelevant to the crime charged, (3) by refusing defendant's request to cross-examine the informant concerning allegedly inaccurate identification testimony that the informant had given at other trials, and (4) by denying defendant's motion for a mistrial.

The first contention is not reviewable on this appeal because defendant failed to object to County Court's *Sandoval* ruling on the ground that he intended to claim the privilege against self-incrimination at trial *(see, People v Young Boom Kim,* 170 AD2d 707; *People v Bennett,* 169 AD2d 369, 372-373, *affd* 79 NY2d 464; *People v Scahill,* 167 AD2d 857; *see also, People v Betts,* 70 NY2d 289, 294; *People v Pavao,* 59 NY2d 282, 292, n 3). The objection was thus waived.

Defendant next claims that he was deprived of a fair trial

because of the introduction of testimony regarding a drug buy by the informant from Gause. While this testimony was of no probative value and clearly not relevant to the crime charged, any error occasioned by its introduction was harmless in view of the overwhelming proof of defendant's guilt *(see, People v White*, 173 AD2d 897, 898, *lv denied* 78 NY2d 976). We agree that the informant's testimony that the substance was cocaine and identifying the place where and the time of the purchase was not explanatory of or "inextricably intertwined" with the chain of custody testimony of the arresting police officers; it was, therefore, erroneously admitted *(see, People v Ely*, 68 NY2d 520, 529). However, as the proof of defendant's guilt was overwhelming, the error is harmless *(see, People v White, supra*, at 898).

The limitation of the cross-examination of the informant was not an abuse of discretion *(see, People v Duffy*, 185 AD2d 528, *lv denied* 80 NY2d 903). The exclusion of the proposed cross-examination of the informant regarding his prior wrongful identification testimony given at other trials was not improper as the identity of defendant was not at issue in this case and such testimony would have been irrelevant *(see, People v Davis*, 43 NY2d 17, 27, *cert denied* 435 US 998).

County Court properly denied defendant's motion for a mistrial based upon Police Officer Kevin Burke's testimony that a scuffle occurred when he arrested defendant. The court sustained defendant's objection to the testimony and gave appropriate curative instructions. Thus, no prejudice accrued to defendant.

Defendant has not addressed in his brief the denial of his CPL 440.10 motion to vacate the judgment of conviction based on newly discovered evidence involving alleged evidence tampering by a State Trooper; the issue is thus waived. We note, however, that defendant's new evidence consisted solely of newspaper articles which are conclusory and, thus, would only lead to a finding that County Court did not err in denying defendant's CPL 440.10 motion *(see, People v Gates*, 168 AD2d 995, 996, *lv denied* 77 NY2d 906).

We have considered defendant's other arguments for reversal and find them without merit.

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment and order are affirmed.