THIRD DEPARTMENT, JANUARY, 1993

(January 7, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. POLADIAN, Appellant.—Casey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered March 4, 1988, upon a verdict convicting defendant of the crime of rape in the first degree.

The trial evidence disclosed that on November 4, 1987, while she was walking along Murray Street in the City of Binghamton, Broome County, the 19-year-old victim was grabbed around the neck by defendant and forced into his vehicle by the threat that he had a knife. Defendant then drove behind the Town Highway Barn where he raped her. This episode lasted about 15 to 20 minutes. Defendant then drove the victim to the vicinity of her home where her boyfriend, who happened to be waiting for her, took her to the hospital. Her physical examination was negative, except for semen that defendant had ejaculated on the victim's stomach. Defendant was later confronted by the police outside his home and willingly accompanied them to the station to discuss a "rape charge". Defendant was given the *Miranda* warnings and waived his rights. He ultimately signed a statement admitting that he had grabbed the victim from the street with the intent to take her somewhere and rape her.

Based on this evidence defendant was indicted on charges of both rape in the first degree and kidnapping in the second degree. At the conclusion of the People's proof at trial, defendant moved for dismissal of the kidnapping charge on the ground of merger *(see, People v Gonzalez,* 80 NY2d 146). County Court reserved on this motion. Following defendant's conviction of both offenses by the jury, the court granted the motion dismissing the kidnapping charge. Defendant was sentenced on the rape charge as a second felony offender to an indeterminate prison term of 12½ to 25 years. Defendant appeals.

Initially, defendant argues that the verdict was against the

weight of the evidence. He claims that the act of intercourse was not forced and that proof of force is lacking, that the victim admitted she made no effort to break away, that none of her clothing was torn and that her physical examination was essentially negative. Despite these arguments, the evidence of a forcible abduction by the threatened use of a knife for the admitted purpose of rape and the actual act of intercourse which defendant admitted in his statement, when viewed in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), clearly and sufficiently supports the jury's verdict of rape in the first degree, and the verdict should not be disturbed on this ground.

Defendant's next argument is that County Court erred in refusing to grant his motion to dismiss the kidnapping count on the ground of merger when that motion was made at the close of the prosecution's case, that it was highly prejudicial to permit the jury to consider and to convict on both charges and then grant defendant's motion. We disagree. The merger doctrine is intended to preclude conviction for kidnapping based on acts which are " 'so much the part of the substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attribut[able] to them' " *(People v Gonzalez, supra,* at 153, quoting *People v Cassidy,* 40 NY2d 763, 767). Based on the evidence offered by the prosecution on its direct case, we believe it would have been more appropriate for County Court to have granted defendant's motion to dismiss the kidnapping charge when that motion was made at the close of such evidence. Nevertheless, we find no prejudice in the court's decision to reserve on defendant's motion when it was made and then grant the motion to dismiss the kidnapping charge after the jury's verdict on that charge. Case law discloses instances on appeal where rape convictions are affirmed and kidnapping convictions are concomitantly vacated *(see, e.g., People v Geaslen,* 54 NY2d 510, 516-517). In our view it is a conviction on both the underlying crime and kidnapping that is proscribed by the merger doctrine, and defendant can hardly claim prejudice when County Court did not allow the kidnapping conviction to stand.

We find defendant's other contentions meritless. County Court's refusal to recuse itself because the Trial Judge was the District Attorney who secured defendant's predicate felony is not error *(see, People v Bennett,* 14 NY2d 851). The prosecutor's remarks on summation did not deprive defendant of a fair trial. Defendant argues that the prosecutor's remarks

impermissibly shifted the burden of proof to defendant. Defendant on summation noted that the victim's boyfriend had not been called as a prosecution witness. On his summation, the prosecutor stated that "[i]f the boyfriend had any significance * * * [defense counsel] would have had him on this [stand] testifying before you". Defendant objected and County Court gave appropriate curative instructions as to the burden of the People's proof. In the circumstances, any error is considered harmless (see, People v White, 173 AD2d 897, 898, lv denied 78 NY2d 976).

Lastly, we find the sentence imposed to have been appropriate considering defendant's prior record and the facts and circumstances of the offense of which he was convicted. The judgment should therefore be affirmed.

Mikoll, J. P., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed.