■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DWORAKOWSKI, Appellant. [617 NYS2d 965] —Cardona, P. J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, Jr., J.), rendered June 11, 1993, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree (two counts).

Following a jury trial, defendant was convicted of rape in the first degree, sodomy in the first degree and two counts of sexual abuse in the first degree stemming from sexual acts perpetrated upon a six-year-old child. Defendant was sentenced to consecutive indeterminate prison terms of 8⅓ to 25 years for rape and 8⅓ to 25 years for sodomy, and two indeterminate prison terms of 2⅓ to 7 years on the sexual abuse charges to be served concurrently with the sentences imposed on the rape and sodomy convictions. Defendant appeals.

Defendant's first contention is that the People failed to prove, as part of their prima facie case, that the crimes charged occurred within the geographical jurisdiction of Rensselaer County *(see,* CPL 20.40). Based upon our review of the record we find the evidence sufficient to enable the jury to reasonably conclude that the crimes occurred in Rensselaer County "without that fact being explicitly stated" *(People v*

*Peterson,* 194 AD2d 124, 127, *lv denied* 83 NY2d 856; *see, People v Groom,* 188 AD2d 674).

Defendant further contends that prosecutorial misconduct during the trial deprived him of a fair trial. Initially, we hold that it was improper for the prosecutor, especially in light of County Court's contrary pretrial ruling, to elicit an opinion from the People's medical expert to the effect that the child victim's "cooperative" demeanor, i.e., lack of modesty during the external examination of her genital area, was consistent with sexual abuse, because this testimony was introduced solely to prove that the alleged crimes took place *(see, People v Bennett,* 79 NY2d 464, 473; *People v Taylor,* 75 NY2d 277, 293; *People v Singh,* 186 AD2d 285, 286).

Furthermore, during summation the prosecutor made remarks which included vouching for the credibility of the People's medical expert *(see, People v LaDolce,* 196 AD2d 49, 57) by characterizing him as a "responsible expert", reference to defendant's failure to offer any medical evidence, which impermissibly tended to shift the burden of proof to defendant *(see, People v Poladian,* 189 AD2d 911, 912, *lv denied* 81 NY2d 891), and appeals to the jury "to send a message [to the community]" and "to do their duty for child abuse victims", comments which tended to lead the jury away from the issues *(see, People v Ashwal,* 9 NY2d 105, 110).

When viewed in the context of the entire trial, however, we find these prosecutorial excesses to be insufficient to require reversal. In each instance, County Court promptly sustained objections thereto and/or interjected specific curative instructions *(see, People v White,* 173 AD2d 897, 897-898, *lv denied* 78 NY2d 976; *People v Cheek,* 168 AD2d 946, 947, *lv denied* 78 NY2d 921). Moreover, the court's charge to the jury further served to ameliorate any possible prejudicial impact of the prosecutor's conduct *(see, People v White, supra,* at 898).

Lastly, we reject defendant's argument that the sentence imposed is harsh and excessive. The sentence is within the statutory guidelines *(see,* Penal Law § 70.02 [1] [a], [c]; [3] [a]; [4]) and is appropriate considering the facts and circumstances of defendant's criminal acts and the lack of extraordinary circumstances. As such, modification in the interest of justice is not warranted. The judgment should therefore be affirmed.

Mikoll, Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed.