■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY HAMILTON, Appellant. [641 NYS2d 746] —Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 12, 1994, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal nuisance in the first degree and criminally using drug paraphernalia in the second degree.

In late 1993 and early 1994 Gregory Sheppard, an informant who had agreed to cooperate with the City of Albany police in exchange for leniency for both himself and his girlfriend, provided the police with information regarding drug traffic on Knox Street in the City of Albany and participated in two controlled drug buys. On January 10, 1994, Sheppard went to 144 Knox Street under surveillance with $50 given to him by the police to purchase drugs; although the individual Sheppard knew to live at that address was not there, the person who answered the door brought Sheppard to the basement apartment at 152 Knox Street where Sheppard bought three small packages of cocaine termed "joints" from defendant. Thereafter, Sheppard left the premises and turned his purchase over to the police. On January 24, 1994, Sheppard returned to the basement apartment at 152 Knox Street for a second controlled buy; this time he purchased two bags of "rock" cocaine from defendant for $30 and again gave his purchase to the police. Tests conducted by the State Police confirmed that the sub-

stances purchased by Sheppard on both dates were cocaine. On February 2, 1994, the police obtained and executed a search warrant for the basement apartment at 152 Knox Street. Defendant, codefendant Albert Allen and a female companion were in the premises. The search of the apartment resulted in the seizure of, *inter alia*, crack pipes, a quantity of plastic baggies and six razor blades; cash and a beeper were seized from defendant's person.

In March 1994, defendant was indicted on two counts of criminal sale of a controlled substance in the third degree, one count of criminal nuisance in the first degree, one count of criminally using drug paraphernalia in the second degree and one count of resisting arrest. Defendant was arraigned and moved, by omnibus motion, for, *inter alia*, a *Darden* hearing (*see, People v Darden*, 34 NY2d 177); County Court denied the request. A suppression hearing was conducted in May 1994 during which defendant unsuccessfully asked County Court to reconsider its *Darden* ruling. Thereafter, defendant moved for reargument and renewal of the omnibus motion including the court's *Darden* ruling; County Court denied the motion.

Following a jury trial, at which Sheppard testified and revealed himself to be the confidential informant, defendant was convicted of all counts of the indictment with the exception of the resisting arrest charge. Defendant was sentenced to terms of imprisonment of $8^1/_3$ to 25 years for each conviction of criminal sale of a controlled substance in the third degree, $1^1/_3$ to 4 years for the criminal nuisance conviction and one year for the criminally using drug paraphernalia conviction. The sentences for the convictions of the first three counts are consecutive and the sentence on the fourth count merges by operation of law. Defendant appeals.

We affirm. Initially, however, we agree with defendant that County Court erred in denying his request for a *Darden* hearing. While it is clear that society has an interest in withholding from disclosure the identity of informants by preserving their anonymity, this interest is not absolute and the identity of an informant may be subject to disclosure (*see, Roviaro v United States*, 353 US 53, 62). In *People v Darden* (*supra*), the Court of Appeals held that the trial court should conduct an in camera hearing at which the confidential informant is produced in cases "where there is insufficient evidence to establish probable cause apart from the testimony of the arresting officer as to communications received from an informer" and a question has been raised as to the informant's identity (*supra*, at 181). "The trial court may then question the

informant outside the presence of the defendant or defense counsel, although counsel should be afforded an opportunity to submit written questions to be posed by the Judge" (*People v Adrion*, 82 NY2d 628, 634). Further, after inquiry, the trial court is required to forward a summary report to the parties; the transcript is sealed and available only for appellate review (*see, People v Darden, supra*, at 181). Ultimately, the decision whether to disclose the identity of the informant to the defense is left to the discretion of the trial court (*see, e.g., People v Castillo*, 80 NY2d 578, 583, *cert denied* 507 US 1033).

In the instant case, the record clearly reveals that the police investigators who obtained the search warrant would not have been in the position to make any observations or collect any other information in support of the search warrant without the information initially supplied to them by Sheppard (*see, People v Adrion, supra*, at 636), whose information was tied to every significant aspect of the People's proof on the issue of probable cause. We conclude that the information obtained from Sheppard was necessary in order to establish probable cause and, therefore, County Court should have conducted an in camera hearing (*see, supra*, at 635-636; *People v Darden, supra; cf., People v Panaro*, 167 AD2d 951, *lv denied* 77 NY2d 965). It is our view, however, that further analysis is warranted.

The purpose of conducting the in camera hearing is to enable the court to ascertain that the source of the underlying information was, in fact, a confidential informant, and not a fabricated "communication" where the actual source is, for example, an unauthorized wiretap or illegal search (*see, People v Adrion, supra*, at 635-636). Since, in the instant case, Sheppard testified at trial that he had gone to the police and agreed to act as an informant, and that he told the police the names of certain people as well as led them to Knox Street, it was fully established that Sheppard was the confidential informant. Defendant was afforded a full opportunity to cross-examine Sheppard during the trial and his role as the actual informant was never challenged. We find that the objectives of *Darden* were fully accomplished during the course of the trial. Accordingly, County Court's failure to hold a *Darden* hearing, under the circumstances of this case, does not require the reversal of defendant's convictions (*see, People v Fulton*, 86 AD2d 675, 676 [concurring mem], *affd* 58 NY2d 914).

Defendant next contends that he was denied a fair trial as a result of improper and prejudicial comments made by the prosecutor during summation and because County Court

improperly allowed irrelevant and prejudicial testimony. During his closing argument, the prosecutor referred a number of times to defendant as a "predator" and allegedly invoked prejudicial "safe streets" imagery by adding, "It's a nasty world, the drug world." Notably, although defense counsel objected to some of these comments, he did not specifically object to each of them (see, CPL 470.05 [2]). In any event, such comments do not establish substantial prejudice or amount to a constitutional deprivation of defendant's right to a fair trial and are insufficient to warrant a reversal of defendant's convictions (see, People v Jones, 213 AD2d 801, 803, lv denied 85 NY2d 975; People v Noble, 209 AD2d 735, 736, lv denied 84 NY2d 1036; People v White, 173 AD2d 897, 897-898, lv denied 78 NY2d 976), especially when viewed in the context of the prosecutor's entire summation, the entire trial (see, People v White, supra, at 898) and the strong case against defendant (see, People v Taylor, 223 AD2d 933; People v White, supra, at 898). Furthermore, any error on County Court's part in allowing irrelevant or minimally prejudicial testimony was also harmless in light of the overwhelming proof of defendant's guilt (see, People v Williams, 181 AD2d 474, 477, lv denied 79 NY2d 1055; People v Bryant, 72 AD2d 568).

We also reject defendant's contention that County Court erred in permitting the People to introduce defendant's statement that he lived in the basement apartment at 152 Knox Street without a CPL 710.30 notice. Defendant's statement was pedigree information obtained in response to a routine question asked during the booking process; moreover, there is no evidence that the question was a disguised attempt at investigatory interrogation. Accordingly, the People were not required to serve notice of their intent to offer such information (see, People v Rodney, 85 NY2d 289, 293; People v Perez, 198 AD2d 540, 542, lv denied 82 NY2d 929; People v Haddock, 174 AD2d 773, 774, lv denied 78 NY2d 1011; People v Dixon, 147 AD2d 769, 773, revd on other grounds 75 NY2d 833).

We have reviewed defendant's remaining contention that the sentence imposed was harsh and excessive and find it to be without merit. The sentence imposed was within the statutory parameters and, in light of defendant's criminal record, County Court's determination should not be disturbed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.