■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE F. Goss, Appellant. [646 NYS2d 397] —Cardona, P. J. Appeals (1) from a judgment of the County Court of Montgomery County (Aison, J.), rendered March 19, 1993, upon a verdict convicting defendant of the crimes of burglary in the second degree and criminal possession of stolen property in the fifth degree, and (2) from a judgment of said court, rendered March 19, 1993, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

On November 21, 1991, James Kilgore was arrested and charged with burglarizing an apartment located at 342 Division Street in the City of Amsterdam, Montgomery County. One of the tenants in the building had caught and apprehended Kilgore on that date while Kilgore was committing the burglary. According to the tenant, although he heard two male voices, he encountered and observed only Kilgore. After Kilgore's arrest, he named defendant as his accomplice. Kilgore also admitted committing a burglary on November 8, 1991 at 77 The Mall in Amsterdam and implicated defendant in that burglary as well.

Defendant was indicted on two counts of burglary in the second degree, grand larceny in the fourth degree, criminal mischief in the fourth degree and criminal possession of stolen property in the fourth degree. The charges arose out of the burglaries at 77 The Mall and 342 Division Street. In a separate indictment, defendant was also charged with another burglary in Amsterdam which took place on October 10, 1991.

A jury trial was held on the first indictment and defendant was convicted of two counts of burglary in the second degree and one count of criminal possession of stolen property in the fifth degree. Defendant moved to vacate both burglary convictions. County Court granted the motion only with respect to the 342 Division Street burglary, finding that Kilgore's accomplice testimony at trial had not been sufficiently corroborated. Defendant then withdrew his plea of not guilty on the second

indictment and pleaded guilty to one count of attempted burglary in the second degree. He was sentenced as a second felony offender to concurrent indeterminate prison terms, the longest of which was 7¹/₂ to 15 years. Defendant appeals both convictions.

Defendant first argues that the prosecutor improperly used his pretrial silence by eliciting testimony from a police officer that defendant remained silent when questioned by the police about the burglaries (*see generally*, *People v Conyers*, 52 NY2d 454 [prosecution prohibited from using a defendant's pretrial silence to impeach a defendant's trial testimony]). Initially, we note that insofar as defense counsel never objected to the questioning, this issue has not been preserved for our review (*see*, CPL 470.05 [2]). In addition, because we find no significant probability that the exclusion of such testimony would have resulted in an acquittal, we find no basis to intervene in the interest of justice (*see*, CPL 470.15 [3] [c]; *see also*, *People v Dunn*, 204 AD2d 919, *lv denied* 84 NY2d 907; *cf.*, *People v Barber*, 143 AD2d 450). The same is true with respect to the police officer's testimony that, after remaining silent as to questioning about the burglaries, defendant agreed to talk to police about a murder and was willing to take a stress test, apparently to prove his innocence. In this regard, we note that defense counsel made a proper objection, which was sustained, and the jury was instructed to disregard the statement. Because defense counsel neither asked for further curative instructions nor moved for a mistrial, any error was not preserved for review (*see*, *People v Acevedo*, 156 AD2d 569, *lv denied* 75 NY2d 963). Again, a review of the record provides no basis to exercise our interest of justice jurisdiction (*see*, *People v Dunavin*, 173 AD2d 1032, *lv denied* 78 NY2d 965).

Defendant also argues that certain comments made by the prosecutor during summation deprived him of a fair trial. Defendant's arguments have not been preserved for review as he failed to object to the majority of the allegedly improper comments, and, in those instances where he did object, County Court sustained the objection and issued appropriate curative instructions. Defendant neither asked for further instructions nor requested a mistrial (*see*, *People v Carter*, 227 AD2d 661; *People v Esposito*, 225 AD2d 928). In any event, although some of the prosecutor's comments, including those impugning defense counsel's tactics, the references to defendant as a professional burglar and the portrayal of defendant as being found "hiding" in a closet when the police arrived to search his apartment, were not warranted (*see*, *People v Hamilton*,

227 AD2d 669), they were not so egregious, when viewed in the context of the whole summation, as to warrant a new trial (*see, People v Carter, supra; People v Yates,* 207 AD2d 567, *lv denied* 84 NY2d 940). The prosecutor's remaining comments to which defendant now takes exception were either a fair comment on the evidence (*see, People v Ashwal,* 39 NY2d 105) or an acceptable response to defense counsel's summation (*see, People v Paulino,* 187 AD2d 736, *lv denied* 81 NY2d 792).

Defendant next argues that he was denied the effective assistance of counsel because of his counsel's admission to the jury that defendant was guilty of the charge that he criminally possessed stolen property. A review of the record, however, reveals that meaningful representation was provided and that defendant is simply attempting to "second guess matters of trial strategy" (*People v Aiken,* 45 NY2d 394, 399; *see, People v Satterfield,* 66 NY2d 796, 798-799). Defense counsel's action in conceding defendant's guilt to possession of stolen property is not an indication of incompetence. "[S]uch defense tactics, whereby counsel admits guilt on a lesser charge in the hope that the jury would then be more receptive to the claim that the defendant was innocent of the far more serious offense and acquit him thereof, is a perfectly acceptable strategy which should not be 'second guess[ed]' by the courts" (*People v Plaza,* 133 AD2d 857, 858 [quoting *People v Morris,* 100 AD2d 630, 631, *affd* 64 NY2d 803], *lv denied* 70 NY2d 936; *see, People v Sullivan,* 153 AD2d 223, 227, *lv denied* 75 NY2d 925). That is particularly true in this case given the overwhelming evidence that defendant possessed and sold a ring which was stolen in the burglary at 77 The Mall. Defendant's claim of ineffective assistance of counsel in this respect is therefore rejected.

Turning to defendant's plea of guilty, he contends that it was forced because of his belief that, due to the unsuccessful outcome of his jury trial, he would not be afforded a fair trial for the charges in the second indictment. The record, however, belies defendant's claim and instead reveals that his plea was entered into knowingly and voluntarily (*see, People v Cline,* 192 AD2d 957, *lv denied* 81 NY2d 1071). Defendant's responses to County Court's questions prior to pleading guilty indicated that he was not threatened, coerced or forced to plead guilty (*see, People v Brown,* 126 AD2d 898, *lv denied* 70 NY2d 703), that he was afforded an adequate opportunity to discuss the matter with his counsel and that counsel explained all of the available options to him (*see, People v Jimenez,* 179 AD2d 840, *lv denied* 79 NY2d 949).

We have considered defendant's remaining arguments on appeal and have rejected them as unpersuasive.

Mercure, White, Casey and Peters, JJ., concur. Ordered that the judgments are affirmed.