THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. BROWN, Appellant. [675 NYS2d 461] —Carpinello, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered March 13, 1997, upon a verdict convicting defendant of the crimes of attempted rape in the first degree, sexual abuse in the first degree and endangering the welfare of a child, and the violations of failure to signal a turn and failure to obey a police officer.

Defendant was indicted on charges of attempted rape in the first degree, sexual abuse in the first degree, endangering the welfare of a child, failure to signal when turning and failure to obey police officers as the result of an incident occurring on the evening of July 22, 1996. According to the victim, she had just returned home from work and was walking to her trailer with

her two children when she was approached from behind by defendant, one of her neighbors. Defendant placed his hands on her back, said "Come on baby" and then ripped the victim's blouse and put his hand on her breasts. Defendant then physically threw the victim to the ground, causing her children to fall with her. As the victim looked up from the ground, she observed defendant with his pants down around his knees and his penis in his hand. After the victim told defendant that she was going to contact the police, he fled the scene and the victim barricaded herself and her children in her trailer and telephoned her family who contacted the State Police. A Trooper responded and defendant was observed getting into his car and driving away. Following a short pursuit, defendant was arrested.

Prior to trial, defendant, who has an IQ score in "the low end of the moderate range", was examined and found competent to stand trial. After a jury trial, defendant was found guilty on all counts of the indictment and sentenced as a second violent felony offender to concurrent determinate prison terms (see, Penal Law § 70.00 [6]) of 12 years for the attempted rape conviction and seven years for the sexual abuse conviction. He also received a concurrent one year jail sentence for endangering the welfare of a child and conditional discharges for the remaining two convictions.

On appeal defendant raises several arguments, which we have examined and find unavailing. Contrary to defendant's argument, he was not deprived of a fair trial as a result of the People's summation. Although the prosecutor did use the word "predator" and made a few questionable comments in her closing, defense counsel did not specifically object to all of the comments now challenged on appeal (see, CPL 470.05 [2]) and in each instance where an objection was raised, County Court sustained the objection and/or gave the jury a limiting instruction. Even assuming, arguendo, that the challenged statements were not fair comment on the evidence or appropriate in light of defense counsel's summation, we find that any prejudice was ameliorated by the court's limiting instructions and, in any event, reversal is not warranted given the over-all context of the summation and the overwhelming proof of defendant's guilt (see, People v Hamilton, 227 AD2d 669, 672, lv denied 88 NY2d 1068).

We also reject defendant's argument that he was denied the effective assistance of counsel. Although defense counsel's performance was not without flaws, our review of the record indicates that defendant received meaningful representation in

that his attorney was well prepared, made appropriate pretrial motions, conducted effective cross-examination of the People's witnesses and delivered a detailed and cogent opening statement and closing arguments (see, *People v Ryan*, 90 NY2d 822; *People v Parker*, 220 AD2d 815, 817, *lv denied* 87 NY2d 1023).

Nor did County Court err in refusing to grant defendant's request that the jury be charged with the crime of sexual abuse in the third degree as a lesser included offense of the crime of sexual abuse in the first degree since "there is [no] reasonable view of the evidence that defendant touched the [victim's breasts] without her consent but not by forcible compulsion" (*People v Roberts*, 134 AD2d 856). Likewise, there was no error in defendant's adjudication as a second felony offender since he twice acknowledged his prior felony conviction for burglary at sentencing and failed to object to County Court's finding that he be sentenced as a second felony offender (see, CPL 400.21; *People v Polanco*, 232 AD2d 674).

Finally, we conclude that County Court appropriately took into account all appropriate factors including defendant's mental retardation in determining his sentence. Given defendant's past criminal history including a conviction for public lewdness, we find no abuse of the court's discretion with respect to the sentence imposed (see, *People v Price*, 149 AD2d 754, 756, *lv denied* 74 NY2d 667).

Cardona, P. J., Mikoll, White and Graffeo, JJ., concur. Ordered that the judgment is affirmed.