(December 4, 2003)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID STEPHENS, Also Known as JEFFREY EVANS, Appellant. [767 NYS2d 514]—

Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered January 5, 2001 in Albany County, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and assault in the third degree.

Following a jury trial, defendant was convicted of sexual abuse in the first degree and assault in the third degree for assaulting

a woman on March 7, 2000 at approximately 5:00 P.M. on an underground elevator at the Empire State Plaza in the City of Albany. The victim testified that as she was leaving the building after work, defendant followed her onto the elevator and put his hand under her skirt, forcefully grabbed her genital area, and pulled her forward. Defendant's actions caused her to fall to her knees onto the grooves between the open elevator doors, injuring her knees. Upon his conviction, defendant was sentenced to concurrent terms of imprisonment, the maximum of which was a seven-year term with three years' postrelease supervision for the sexual abuse conviction. Defendant appeals and, finding no validity to his challenges to the verdict, the fairness of the trial or his sentence, we affirm.

Viewing the evidence in a light most favorable to the People, we find that a rational trier of fact could conclude that each of the elements of these crimes was proven beyond a reasonable doubt (*see People v Cabey*, 85 NY2d 417, 421 [1995]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). With regard to the sexual abuse count, the victim's testimony demonstrated that defendant used physical force and that his threatening conduct placed her in great fear and provoked a scream, thereby establishing "forcible compulsion" (*see* Penal Law § 130.65 [1]; § 130.00 [8]; *see also People v Sehn*, 295 AD2d 749, 750 [2002], *lv denied* 98 NY2d 732 [2002]). Defendant's claim that there was no "sexual contact" in that the victim's account established only touching the top of her undergarments is unavailing, as such contact includes "any touching of the sexual or intimate part . . . whether directly or through clothing" (Penal Law § 130.00 [3]; *see Matter of Randolph*, 254 AD2d 94 [1998]).

To the extent that defendant argues that the victim misidentified him, the jury rejected this defense and credited the victim's account, and we accord great deference to the jury's assessment of the witnesses' credibility and demeanor (*see People v Parker*, 305 AD2d 858, 859 [2003]; *People v Sehn, supra* at 751). Indeed, the victim's account demonstrated that she had several meaningful observations of defendant before the incident and she looked directly into his face after the assault. While driving to work about a month later, she observed defendant walking on the street and confronted him; he was wearing clothing similar to that described to police by the victim shortly after the assault and he matched the physical description she gave. The evidence established that defendant lived within a few miles of the incident and punched out of work in time to have committed the offenses. Corroborative evidence was not required (*see People v Alford*, 287 AD2d 884, 886 [2001], *lv denied* 97 NY2d

750 [2002]) and, based upon our independent review of the evidence, we cannot agree with the claim that the verdict was contrary to the weight of the credible evidence (*see People v Bleakley, supra* at 495). Defendant raises no specific claims related to his assault conviction, and we find that the evidence was sufficient (*see* Penal Law § 10.00 [9]; § 15.05 [3]; § 120.00 [2]; *see also People v Grenier*, 250 AD2d 874, 876 [1998], *lv denied* 92 NY2d 898 [1998]).

Next, viewed in the overall context of this trial and the totality of the evidence, we find that defendant was not substantially prejudiced or deprived of a fair trial by the prosecutor's single opening statement reference to him as a "sexual predator" and, in closing, as a "predator" (*see People v Chapin*, 265 AD2d 738, 739 [1999], *lv denied* 94 NY2d 917 [2000]; *People v Brown*, 252 AD2d 835, 836 [1998], *lv denied* 92 NY2d 923 [1998]; *People v Hamilton*, 227 AD2d 669, 671-672 [1996], *lv denied* 88 NY2d 1068 [1996]; *cf. People v Ashwal*, 39 NY2d 105 [1976]; *People v Russell*, 307 AD2d 385 [2003]). Although the prosecutor's characterizations were clearly inappropriate, Supreme Court emphatically directed the jury in each instance to disregard them, noting that the comments were improper and there was but "one allegation of one event before this jury," ameliorating the prejudice, and no request was made for a further curative instruction. Thus, the court properly denied defendant's mistrial motions based on these two remarks.

Also without merit is defendant's claim that a curative instruction provided by Supreme Court to the deliberating jury was inadequate. Defense counsel participated in and assented to the court's inquiry of two jurors on the record to discern whether misconduct had occurred, expressly conceded that the curative charge thereafter given to the full jury was "appropriate" and "handles the situation," and declined to make a mistrial motion or take exception to the charge, and never moved to discharge any of the jurors. Thus, any challenge to the jurors' qualifications or the adequacy of the curative instruction is not preserved (*see* CPL 470.05; *People v Persons*, 245 AD2d 845, 846 [1997]). Moreover, the inquiry provided no basis upon which to sua sponte discharge the sworn juror (*see* CPL 270.35; *People v Buford*, 69 NY2d 290, 298-299 [1987]; *People v Kinred*, 276 AD2d 927, 930 [2000], *lv denied* 96 NY2d 802 [2001]), and the curative charge correctly directed the jury to base its verdict solely on the trial evidence.

Finally, we are not persuaded by defendant's claims that because he is an "educated family man" and the victim was not seriously injured or actually touched on the skin, imposition of

the maximum authorized sentence for the sexual abuse count is harsh and excessive and constitutes an abuse of discretion (*see People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]). It bears emphasis that it is crimes of this nature which deprive members of our society, and women in particular, of the most basic right and ability to go about their day-to-day activities without fear of violence.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.