■. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE BARBER, Appellant. [787 NYS2d 424]—

Spain, J. Appeals (1) from a judgment of the County Court of Essex County (Halloran, J.), rendered July 9, 2002, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts), and (2) by permission, from an order of said court, entered March 25, 2004, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

Initially, we reject defendant's argument that the evidence introduced at trial related only to a general, ongoing crime, rendering the counts charged in the indictment duplicitous. We are satisfied that each count of the indictment contemplated a single offense within a definitive time frame and that the victim's trial testimony sufficiently detailed distinct conduct occurring on different dates which correspond to and support the independent counts of the indictment (*see People v Watt*, 84 NY2d 948, 951 [1994]; *People v Goulbourne*, 199 AD2d 533, 533 [1993], *lv denied* 83 NY2d 853 [1994]; *People v Sulkey*, 195 AD2d 1026, 1027 [1993], *lv denied* 82 NY2d 759 [1993]).

While defendant concedes that legally sufficient evidence exists supporting his conviction, he contends that the verdict is against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The victim testified at trial, giving details regarding each allegation of sexual abuse and explaining

that defendant paid her for performing sexual acts and threatened to harm her foster mother (hereinafter the victim's mother) if she told anyone. She testified that she never told anyone about the abuse, but that she wrote about it in her journal following a sexual harassment seminar that she attended some four years after the incidents occurred. The victim's mother and school psychologist also testified, explaining how they became aware of the abuse and the victim's reaction when initially confronted. The People also presented expert testimony on child sexual abuse syndrome to explain the victim's delay in reporting the incidents. For the defense, defendant's current girlfriend testified to alleged threats to defendant made by the victim's mother, and two other witnesses testified as to the victim's untruthful reputation. The People presented character evidence through the testimony of the victim's best friend, in rebuttal. As is frequent in cases of this nature, the essential task left for the jury was to ascertain the credibility of the victim. On this record, and given the jury's opportunity to view the victim and other witnesses, hear their testimony and observe their demeanor, we find no basis upon which to conclude that the jury failed to accord appropriate weight to the evidence presented (*see People v Boyce*, 2 AD3d 984, 985-986 [2003], *lv denied* 2 NY3d 796 [2004]; *People v Bolden*, 194 AD2d 834, 835 [1993], *lv denied* 82 NY2d 714 [1993]).

Next, we address defendant's contention that he was deprived of a fair trial by comments made by the prosecutor during summation. We reject defendant's assertion that the prosecutor improperly vouched for the credibility of the victim when he stated that she had no motive to lie. Where, as here, the defense has attacked the credibility of the prosecution witnesses in summation, a responsive " 'argument by counsel that his witnesses have testified truthfully is not vouching for their credibility' " (*People v Ruiz*, 8 AD3d 831, 832 [2004], *lv denied* 3 NY3d 711 [2004], quoting *People v Overlee*, 236 AD2d 133, 144 [1997], *lv denied* 91 NY2d 976 [1998]; *see People v Miller*, 239 AD2d 787, 789 [1997], *affd* 91 NY2d 372 [1998]; *People v De Cristofaro*, 50 AD2d 994, 994 [1975]; *cf. People v Russell*, 307 AD2d 385, 386 [2003]).

Likewise, the prosecutor's statement in summation that the evidence did not contradict the prosecution witnesses' testimony was a permissible response to the defense theory that the victim and her mother had fabricated the charges and did not, as defendant suggests, shift the burden of proof to defendant (*see People v Townsley*, 240 AD2d 955, 958-959 [1997], *lv denied* 90 NY2d 943 [1997]). Moreover, the prosecutor's characterization

of defense counsel's arguments as "fiction" and "fantasy" was also an appropriate response to the defense's trial theory (see *People v Saunders*, 261 AD2d 718, 720 [1999], *lv denied* 94 NY2d 829 [1999]; *cf. People v Skinner*, 298 AD2d 625, 626-627 [2002]).

Although defendant failed to preserve the issue with a timely objection (see *People v Butler*, 273 AD2d 613, 615 [2000], *lv denied* 95 NY2d 933 [2000]), we find some merit to his argument that, in summation, the prosecutor improperly suggested that the testimony of the child sexual abuse syndrome expert was some evidence of sexual abuse, when, in fact, it was only admissible as a tool to explain the victim's behavior (see *People v Taylor*, 75 NY2d 277, 292-293 [1990]). The questionable references were fleeting, however, and do not reflect a " 'flagrant and pervasive pattern of prosecutorial misconduct' " (*People v Jones*, 283 AD2d 665, 668 [2001], *lv denied* 96 NY2d 903 [2001], quoting *People v Demming*, 116 AD2d 886, 887 [1986], *lv denied* 67 NY2d 941 [1986]). Moreover, County Court carefully limited the expert to explaining the accepted phases of child sexual abuse for the purpose of permitting the jury to understand why a child would not immediately report such conduct (see *People v Carroll*, 95 NY2d 375, 387 [2000]). Accordingly, the prosecutor's references to the expert testimony in his summation did not result in substantial prejudice to defendant (see *People v Saunders, supra* at 720).

We reject defendant's remaining objections to the prosecutor's summation, except his descriptions of defendant as "disgusting," "vile" and "a pedophile," which were clearly unwarranted. However, even when considered cumulatively, in our view these errors "were not so egregious, when viewed in the context of the whole summation, as to warrant a new trial" (*People v Goss*, 229 AD2d 791, 792-793 [1996]; see *People v Stephens [Evans]*, 2 AD3d 888, 890 [2003], *lvs denied* 2 NY3d 739, 746 [2004]; *People v Brown*, 252 AD2d 835, 836 [1998], *lv denied* 92 NY2d 923 [1998]; *People v Hamilton*, 227 AD2d 669, 672 [1996], *lv denied* 88 NY2d 1068 [1996]; *People v Carter*, 227 AD2d 661, 663 [1996], *lv denied* 88 NY2d 1067 [1996]; *People v White*, 173 AD2d 897, 897-898 [1991], *lv denied* 78 NY2d 976 [1991]).

Defendant also objects to the testimony from the victim's mother and school psychologist concerning the victim's journal entries, arguing that they are inadmissible hearsay improperly introduced to bolster the victim's testimony (*People v Buie*, 86 NY2d 501, 509 [1995]). We disagree. The disputed testimony did not include "prompt outcry" testimony or, for that matter, any other pretrial statement by the victim (*cf. People v McDaniel*, 81 NY2d 10, 16 [1993]). Indeed, County Court carefully limited the

testimony of both witnesses, precluding any discussion of the content or nature of the journal and permitting reference to it only for the purpose of explaining how the abuse was discovered, which was clearly relevant in light of the defense theory that the charges had been fabricated. Accordingly, we hold that the disputed testimony was not hearsay or improper bolstering, but properly admitted evidence (*see People v Buie, supra* at 509-510; *People v Nieves,* 294 AD2d 152, 152 [2002], *lv denied* 98 NY2d 700 [2002]; *People v Smalls,* 293 AD2d 500, 501 [2002], *lv denied* 98 NY2d 681 [2002]; *People v Tunstall,* 278 AD2d 585, 588 [2000], *lv denied* 96 NY2d 788 [2001]; *People v Stephens,* 274 AD2d 487, 488 [2000], *lv denied* 95 NY2d 939 [2000]; *People v Harris,* 249 AD2d 775, 776 [1998]).

Finally, we discern no abuse of discretion by County Court in denying defendant's CPL 440.10 motion. The motion was premised on defendant's allegation that he was denied the effective assistance of counsel because counsel did not conduct a proper investigation prior to trial to establish a defense. Upon our review of the record, we find that defense counsel stated a clear theory of the case and was prepared to examine and cross-examine witnesses. He attempted to undermine the testimony of the People's witnesses at trial, calling witnesses to testify as to the victim's reputation for untruthfulness and cross-examining the victim's mother with regard to potential motives to fabricate the charges. Defense counsel also made appropriate objections at trial, including a successful argument to limit the scope of the expert testimony. Considering the representation proffered as a whole, we conclude that defense counsel's performance was "consistent with [the] strategic decisions of a 'reasonably competent attorney' " (*People v Benevento,* 91 NY2d 708, 712 [1998], quoting *People v Satterfield,* 66 NY2d 796, 799 [1985]; *accord People v Morehouse,* 5 AD3d 925, 927 [2004], *lv denied* 3 NY3d 644 [2004]).

We have considered defendant's remaining contentions and found that they are either unpreserved for appellate review or lack merit.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.