■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY C. FLEEGLE, Appellant. [798 NYS2d 224]—

Lahtinen, J. Appeal from a judgment of the County Court of

St. Lawrence County (Nicandri, J.), rendered August 4, 2003, upon a verdict convicting defendant of the crimes of rape in the first degree (four counts), rape in the third degree (four counts) and sexual abuse in the first degree (five counts).

Defendant allegedly perpetrated various sex crimes upon the minor daughter of a woman with whom he resided. His earlier conviction for the purported criminal conduct was reversed because of numerous trial errors and the ineffective assistance of his counsel (295 AD2d 760 [2002]). Upon remittal, County Court granted defendant's motion to dismiss the indictment as containing duplicitous counts, with leave to re-present to a new grand jury. Defendant was thereafter indicted by the grand jury for various sex crimes in a 16-count indictment. Three of the counts were dismissed at the close of the People's proof, leaving 13 counts committed on four separate dates. Defendant was convicted of the remaining 13 counts, including rape in the first degree (four counts), rape in the third degree (four counts) and sexual abuse in the first degree (five counts). He was sentenced to an aggregate prison term of $26^{1/2}$ to 57 years, which will be subject to adjustment as per Penal Law § 70.30. Defendant appeals.

The first argument asserted by defendant is that his right to a fair and impartial jury was violated by the way in which County Court handled two notes received from members of the jury during the trial. The first note indicated that, during a break, jurors could hear witnesses complaining and talking loudly outside the courtroom. The note added that the jurors left the area to avoid the people. The second note, received by County Court during the same break, revealed that one juror recognized defendant's brother as someone with whom that juror had worked years before, but added that this would not affect the juror. With respect to the first note, County Court admonished the attorneys and court officers to prevent witnesses or anyone else from going near the jurors during breaks. No objection was raised regarding County Court's handling of the first note. As to the second note, the court permitted the attorneys to review it and both stated that they had no questions about it. Since there was no objection to the manner in which County Court handled either of the notes, a reviewable issue has not been properly preserved (see People v Campos, 239 AD2d 185, 186 [1997], lv denied 90 NY2d 902 [1997]; see also People v Stephens, 2 AD3d 888, 890 [2003], lv denied 2 NY3d 739 [2004]). Nor do the facts in the record regarding this issue persuade us to use our interest of justice review.

Defendant next argues that the trial judge should have

recused himself because he presided over defendant's earlier trial and the judge's failure to recuse himself deprived defendant of a fair trial. Absent a legal disqualification (*see* Judiciary Law § 14), the recusal decision is within the discretion of the trial judge (*see People v McCann*, 85 NY2d 951, 952-953 [1995]; *People v Moreno*, 70 NY2d 403, 405 [1987]). No legal disqualification has been shown and, even though he presided over the previous trial, review of the record reveals no abuse of discretion by the trial judge in not recusing himself (*see People v Glanda*, 18 AD3d 956, 959-960 [2005]; *People v Curkendall*, 12 AD3d 710, 714 [2004], *lv denied* 4 NY3d 743 [2004]; *People v Smith*, 272 AD2d 679, 681-682 [2000], *lv denied* 95 NY2d 938 [2000]).

Defendant contends that eight of the counts of which he was convicted were pursued by the People in violation of double jeopardy (*see* CPL 40.20, 40.30). While more than one prosecution for the same offense is generally prohibited, there are exceptions to this principle, including when "proceedings are subsequently nullified by a court order which dismisses the accusatory instrument but authorizes the people to obtain a new accusatory instrument charging the same offense or an offense based upon the same conduct" (CPL 40.30 [4]). Here, the dismissal of the original indictment expressly included leave to represent the case to a grand jury as to the 28 counts that survived appeal. With the exception of count 11, the new 16-count indictment charged the same offenses and was based upon conduct alleged in the 28 counts that remained after appeal. Count 11, however, alleged sexual abuse in the first degree on December 15, 1997 based upon contact of defendant's lips to the victim's breast. The original indictment and corresponding bill of particulars had asserted hand to breast or vagina contact in December 1997. Since count 11 was premised upon different conduct than asserted in the original indictment and bill of particulars, the conviction on that count of the indictment must be reversed (*see* CPL 40.30 [4]).

We find no merit in defendant's argument that certain counts of the indictment were duplicitous. Our review reveals that "each count of the indictment contemplated a single offense within a definitive time frame" (*People v Barber*, 13 AD3d 898, 899 [2004], *lv denied* 4 NY3d 796 [2005]; *see People v Morey*, 224 AD2d 730, 731 [1996], *lv denied* 87 NY2d 1022 [1996]). Nor is there merit to the argument that the counts of rape in the third degree (*see* Penal Law § 130.25 [2] [age of the victim an element of the charged crimes]) were inclusory concurrent counts of the rape in the first degree counts (*see* Penal Law § 130.35 [1]

[forcible compulsion an element of the charged crimes]; *People v Beecher*, 225 AD2d 943, 945 [1996]; *People v Hughes*, 220 AD2d 529, 531 [1995]; *People v Bacchus*, 175 AD2d 248, 249-250 [1991], *lv denied* 79 NY2d 824 [1991]).

Contrary to defendant's contention, the evidence at trial was legally sufficient to support each of the charges of which defendant was convicted (*see generally People v Oatman*, 12 AD3d 790, 790-791 [2004], *lv denied* 4 NY3d 747 [2004]; *People v Boyce*, 2 AD3d 984, 985 [2003], *lv denied* 2 NY3d 796 [2004]). The evidence included, among other things, the detailed testimony of the victim regarding the acts perpetrated upon her by defendant. Furthermore, the testimony of both the victim and her brother established the abusive behavior and threatening atmosphere created by and employed by defendant, which constituted adequate evidence of forcible compulsion to support the convictions for rape in the first degree (*see People v Black*, 304 AD2d 905, 908 [2003], *lv denied* 100 NY2d 578 [2003]).

Defendant's remaining contentions have been considered and found unpersuasive. Finally, we note that, since the sentence for count 11 (3½ to 7 years)—which we are reversing—ran concurrently with the longer sentence for count 12 (7½ to 15 years), we need not remit for resentencing (*see People v McCoy*, 266 AD2d 589, 592 [1999], *lv denied* 94 NY2d 905 [2000]; *People v Swackhammer*, 260 AD2d 939, 941 [1999], *lv denied* 93 NY2d 1028 [1999]).

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of sexual abuse in the first degree under count 11 of the indictment; said count of the indictment dismissed; and, as so modified, affirmed.