■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY L. CARPENTER, Appellant. [931 NYS2d 442]—

Rose, J.

Defendant was charged with three counts of assault in the second degree in connection with an incident at the Washington County Jail when he allegedly trapped a nurse's hand in the food tray door and then punched Walter Lascar, a sergeant at the jail, when Lascar ordered defendant to come out of his cell so that it could be searched. A video recording of the incident depicts defendant throwing an object from his cell through the food tray door while the nurse was giving him medication and, later, exiting his cell and punching Lascar in the face, knocking him to the floor. Following a jury trial at which the recording was introduced into evidence, defendant was acquitted of assaulting the nurse but convicted of both assault counts related to Lascar. County Court sentenced him as a persistent felony offender to concurrent terms of 15 years to life in prison for each conviction. Defendant appeals.

We cannot agree with defendant's contention that the admission of his threatening statements requires reversal. Over defendant's objection, the jury heard testimony that, just prior to the incident with the nurse, he had worked himself into a rage and told correction officer Edwin Atwood that he would rape Atwood's daughter and kill his son. County Court allowed the statements as context for the entire incident. While we do agree with defendant that the statements were of limited probative value—and they were highly prejudicial given the graphic descriptions of how he intended to harm Atwood's family—the overwhelming evidence of guilt, including the video recording of the assault on Lascar and Lascar's own testimony, renders the admission of the statements harmless (see People v Crimmins, 36 NY2d 230, 241 [1975]; People v Torres, 45 AD3d 1054, 1055 [2007], lv denied 10 NY3d 772 [2008]; People v Montgomery, 188 AD2d 677, 679 [1992], lv denied 81 NY2d 792 [1993]). As for defendant's threats to kill Lascar's family, no objection was made to their admission. Thus, defendant's argument as to the admissibility of those statements is not preserved for our review (see CPL 470.05 [2]; People v Breedlove, 61 AD3d 1120, 1122 [2009], lv denied 12 NY3d 913 [2009]).

Defendant next contends that County Court erred in denying his motion to dismiss based on the People's failure to produce a video recording made by a different camera than the one that made the recording of the incident admitted into evidence. The People concede that both recordings were discoverable pursuant to CPL 240.20. Accordingly, they had an obligation to maintain both, and the appropriate sanction for failure to produce is left to the sound discretion of the trial court (see CPL 240.70 [1]; People v Jenkins, 98 NY2d 280, 284 [2002]; People v James, 93 NY2d 620, 644 [1999]). In this instance, however, the record reveals that the unproduced recording did not have a clear view of defendant's conduct and did not capture the entire incident due to the location of the camera. In the absence of a showing of bad faith on the part of the People or prejudice to defendant, we will not disturb County Court's decision to impose no sanction (see People v Jenkins, 98 NY2d at 283-284; People v Shcherenkov, 21 AD3d 651, 652 [2005]).

Nor is there any support in the record for defendant's claim that County Court retaliated against him because of his assertion of his right to trial (see People v Molina, 73 AD3d 1292, 1293 [2010], lv denied 15 NY3d 807 [2010]; People v Brunson, 68 AD3d 1551, 1557 [2009], lv denied 15 NY3d 748 [2010]; People v Chappelle, 14 AD3d 728, 729 [2005], lv denied 5 NY3d 786 [2005]). Although a pretrial plea offer rejected by defendant

1162

would have substituted lesser charges and resulted in a considerably lighter sentence, defendant received the minimum available sentence upon the court's decision to sentence him as a persistent felony offender (*see* Penal Law § 70.00 [3] [a] [i]; § 70.10 [2]). That determination was based on appropriate factors, including defendant's extensive and violent criminal history, and we decline to disturb it (*see People v Wicks*, 73 AD3d 1233, 1236-1237 [2010], *lv denied* 15 NY3d 857 [2010]; *People v Massey*, 45 AD3d 1044, 1048 [2007], *lv denied* 9 NY3d 1036 [2008]; *People v Jenner*, 39 AD3d 1083, 1088 [2007], *lv denied* 9 NY3d 845 [2007]). Defendant's remaining contentions have been reviewed and found to be without merit.

Spain, J.P., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.